## 92

Smith
v.
Smith.

A. SMITH, by her next friend, *vs.* D. SMITH.

· In a bill for a separation on account of cruel treatment, the complainant cannot insert a charge of adultery, and ask for a decree dissolving the marriage contract, if that charge should be sustained.

April 2. THE complainant in this case, by her next friend, filed a bill against her husband, charging him with cruel and inhuman treatment, and also with the crime of adultery. And she prayed for a separation from bed and board forever, or for a decree dissolving the marriage contract. The defendant demurred to the bill for multifariousness, or duplicity, in joining two distinct causes of action, requiring different decrees, and which were incompatible and improper to be joined in the same bill.

*S. Sherwood,* for the complainant, insisted that in a bill for a divorce the charges of cruel and inhuman treatment and of adultery could be united. He said all that is required, where different causes of action are contained in the same bill, is that the relief sought should be of the same kind, though varying in degree. The like rule prevails in criminal courts. Murder and manslaughter, mayem and assault and battery, may be charged in the same indictment. So trespass for a seduction may be united with a cause of action for trespass on real or personal property.

*M. T. Reynolds,* contra, contended that the causes of action for cruel and inhuman treatment and for adultery required different decrees. That there would be two issues to try before a jury, and a double verdict must be rendered. That the complainant could on oath compel the defendant to answer as to all his acts except as to the fact of adultery. He cited 1 *John. Ch. Rep.* 606 ; 2 *Mad. Ch.* 225 ; *Mitf.* 99 ; 11 *Ves.* 369.

THE CHANCELLOR. The question presented by this demurrer is whether a suit for a separation from bed and board, on account of cruelty, can be joined in the same bill with a

suit for a divorce, on the ground of adultery. In the case of *Pomeroy* v. *Pomeroy*, (1 *John. Ch. Rep.* 606,) upon an application to file security for costs upon a bill of this kind, Chancellor Kent intimated an opinion that these two causes of action could not be contained in the same bill. But the question was not then decided; as the statute only required security for costs in a suit which was for a separation from bed and board merely. One of the difficulties then suggested exists in this case, under the statute now in force. In a suit for a separation the defendant is required to put in his answer on oath; but he may answer a bill for a divorce, on the ground of adultery, without oath. Another difficulty exists as to the mode of trial; the one charge requiring a trial by jury, and the other being triable by the court as in ordinary suits in chancery. It is true this court might award an issue to try the question of cruel treatment, but it would be very difficult to frame an issue which would convey the requisite information to the chancellor to enable him to exercise a sound discretion in deciding upon the propriety of a separation. In cases of this description, there is generally more or less fault on both sides; and I am satisfied the peace of families and the welfare of society would not be promoted by sending such controversies to be decided upon by a jury. In many cases, even after the facts have been ascertained, such family quarrels have been compromised and settled under the friendly advice of the court; which probably it would be impossible to accomplish after both parties had been subjected to the disgrace of a public trial. The nature of the defences to these two distinct charges may also be of an entirely different character. Even the adultery of the wife would not be an absolute bar to her suit for a separation on account of cruel and inhuman treatment; although it might be sufficient to reduce the amount of alimony to which she would otherwise be entitled. But to a bill for a divorce the husband might plead the adultery of the wife as a bar to the suit. He might also set up such a defence, in his answer, in connection with a denial of the adultery on his part. And in such a case a double issue would be awarded to try the charge of adultery contained in the bill, and also to determine the question as to the truth of the recriminatory

1833.
Dougrey
v.
Topping.

charge contained in the answer. The decrees upon these two distinct causes of action must also be different. And the practice of the court requires a different mode of commencing the suits. In the one case the wife is allowed to prosecute in her own name, but in the other the suit must be brought by her next friend, who is chargeable with the costs in case of failure.

This is not a proper case for a bill with a double aspect; and I am satisfied that public policy as well as the rules of law forbid the joining of these two charges in the same bill. The wife should not be encouraged to make a charge of adultery against her husband unless she has the means of substantiating the charge by proof. And if she can prove the adultery, a suit for a separation or limited divorce is useless.

The demurrer must be allowed ; and the bill is dismissed, with costs, to be paid by the next friend.