## SUPREME COURT.

MARY L. JAMIESON agt. DAVID F. JAMIESON.

*Divorce — Order of arrest.*

An action by a wife against her husband for a limited divorce on the ground of cruel and inhuman treatment comes within the definition of *injuries to the person*, mentioned in section 179 of the Code, and is one in which an order of arrest can properly be granted under the provisions of that section.

*First Department, General Term, March, 1877.*

APPEAL from an order denying motion to vacate an order of arrest or reduce the amount ($10,000) of the bail. The parties are husband and wife, and the action is for a limited divorce by reason of alleged cruel and inhuman treatment of the wife by the husband, and the order of arrest was issued upon the complaint and the plaintiff's affidavit. The motion was made on the same papers.

The defendant is a resident of this city, and entirely solvent and responsible, as the plaintiff herself states, and there was no proof that the defendant had disposed of any of his property, or was about to do so, with intent to defraud his creditors, or that he was about to remove from this state.

*R. W. Townsend*, attorney, and *A. R. Dyett*, of counsel, for appellant.

The order of arrest was unauthorized. The cause of action, though "not arising out of contract," is not "for the recovery of damages," as required by subdivision 1 of section 179 of the Code. If it were, the defendant is neither a

non-resident of the state, nor " about to remove therefrom," as required by the same subdivision. This is not an action for injury to person or character, or for " injuring or wrongfully taking, detaining or converting property." (*Id.*) Indeed, by the true construction of section 179, the action must be for the recovery of damages in such an action. It should be read : " In an action for the recovery of damages  *  *  * where the action is for an injury to the person or character," &c. Subdivision 3 confirms this construction. This action is for a limited divorce from bed and board, a well-defined and distinct cause of action, under the Revised Statutes. There can be no pretense that the order of arrest can be sustained under subdivisions 2, 3 or 4 of section 179, nor under subdivision 6, as amended by the Laws of 1875, chapter 28, nor yet under subdivision 5. The plaintiff is not a creditor of the defendant. If she were, the disposition of any part of his property, with intent to defraud his creditors, is not alleged, much less is it proved (*Flour City Bank* agt. *Hall*, 33 *How.*, 1 ; *Pacific M. Ins. Co.* agt. *Machado*, 16 *Abb.*, 451 ; *Moller* agt. *Aznar*, 11 *Abb.* [*N. S.*], 233 ; *Wickes* agt. *Harmon*, 12 *Abb.*, 476). The plaintiff relies on a dictum of judge Bacon, in *McIntosh* agt. *McIntosh* (12 *How. Pr.*, 290), in which he intimates that an action like this may be classed with " injuries with or without force to person and property, or either," under section 167 of the Code, relative to joinder of actions. The question in that case was, whether a cause of action for a limited divorce for cruel and inhuman treatment might be joined with one for an absolute divorce for adultery, and the judge decided that they could not be joined. It was argued that they could be joined, because they might both be classed as " injuries with or without force to the person," under section 167, and the judge gave the intimation just mentioned, at the same time, in the next sentence, saying that the provisions of section 167 were intended to apply to actions known as actions at law, and not to actions of equitable cognizance. The judge was entirely right in

this, and the actions specified in subdivision 1 of section 179 as actions for "injuries to the person" were also intended to designate what were known as actions at law under that *nomen generale.* We may, however, concede that the decision of judge BACON was correct, but it does not follow that this action falls within the same classification in section 179. Nor can this order of arrest be sustained as a *ne exeat.* It purports to be and is an order of arrest, under section 179 of the Code. A *ne exeat* is a writ, and not an order. The command of a *ne exeat* is to take from the defendant security that he will not go nor attempt to go into parts without the state without leave of the court (*Barb. Chan. Prac.*, vol. 2, *p.* 519), and the bail bond is to the same effect (*Id.*, 520). The command of this order is in conformity to section 179, and that requires bail to "render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment herein." (*Code, sec.* 187; *Bushnell* agt. *Bushnell,* 15 *Barb.*, 403, 404.) The rights and liabilities of the bail are different. A writ of *ne exeat* cannot be issued unless upon positive proof that the defendant is about to leave the state or threatens to do so, and that thereby the plaintiff is in danger of losing his debt or demand. There is no such proof here; indeed no allegation of any such thing (*Woodward* agt. *Schatzel,* 3 *Johns. Ch.,* 412; *Beames' Ne Exeat,* 25, 33, 34; *Mattocks* agt. *Tremaine,* 3 *Johns. Ch.,* 75; *Bushnell* agt. *Bushnell,* 15 *Barb.,* 399; *Forrest* agt. *Forrest,* 10 *id.,* 46). If the court sustain the order of arrest, the amount in which the defendant is held to bail should be reduced. It is excessive. One thousand dollars we suggest as a proper amount, leaving the court, however, to fix such amount as may be deemed proper. The defendant is a resident of the city, and solvent, and responsible. It is not probable that if the plaintiff succeed she will be allowed alimony to an amount sufficient to call for so large an amount of bail as $10,000. The order appealed from should be reversed, and the original

motion granted vacating the order of arrest, or in any event reducing the bail to say $1,000, with costs, and costs and disbursements of this appeal.

*Robert W. Hawksworth*, attorney, and *Rastus S. Ransom*, of counsel, for respondent.

The defendant must be held to admit the truth of all the plaintiff's allegations set out in her papers handed upon her application for the defendant's arrest. This young woman discloses inhumanities and cruelties committed by this defendant which entitle him to the execration of even a barbarian. He takes the broad ground here that it is true he has been the cruel and contemptible wretch that his young wife, after much patient suffering, has been obliged to reveal to the court, but nevertheless he says: "There is no law in an action such as this to secure to my outraged wife my attendance upon the process of this court, although I have been guilty of the most atrocious cruelties and I am liable to my wife for a sufficient sum to support her and her child, still there is no law that can secure that to her. I may go away, and carry all my bonds, etc., in my pocket, and thus leave my wife to live or die. Whether she gets bread is no concern of mine." All this the defendant admits, but under the advice of able and skillful counsel, who has tried to make the law for his client, he seriously contemplates escaping from arrest, although richly deserving imprisonment for a term of years, solely on the ground that there is no law in the state of New York that can be held to authorize an arrest of a defendant in a case for limited divorce. This was the ground taken in the court below, and it is the only ground that can be taken here. Under the old system a husband might have been, and frequently was, arrested in actions for limited divorce by writ of *ne exeat*. The object of that writ was to secure the person of the defendant, that he might be compelled to obey the judgment of the court. The plaintiff in this action demands alimony, and if it should be held that

Jamieson agt. Jamieson.

the married women's statutes of this state give her no rights or remedies which she did not possess before the passage of those statutes, it is even then clear that she has the right to the order sought to be vacated. Under the old system she might sue her husband in the court of chancery, and having that right she was considered independent of her husband, and she was held to be permitted to enjoy the rights of a party (*Bushnell* agt. *Bushnell*, 15 *Barb.*, 399; *Denton* agt. *Denton*, 1 *Johns. Ch.*, 441). In this last case the chancellor held the defendant to bail in $10,000. Arguing from the principle established by this case, viz., that the wife is a party, and as such entitled to all the rights of a party, it seems very clear that any remedy, provisional or otherwise, which a party plaintiff may have under existing law, shall not be denied to her. It has been held over and over again that the wife may have a writ of *ne exeat*, and these decisions considered and overruled the objection that because the action was by her, as plaintiff, the writ could not issue (*Denton* agt. *Denton*, *supra*). The writ of *ne exeat* was and still is a provisional remedy. I know of no law since the Code which has taken from the wife any rights or remedies which she had before the Code. On the contrary, she has been, so far as her property and personal rights are concerned, effectually separated from her husband by the enabling acts, and many cases construing those acts sustain my position. My point is this, that if, before the Code, a party plaintiff could have had a provisional remedy, as for instance an order of arrest of the defendant, that even then the wife, in a suit against her husband for a divorce, would be entitled to the same remedy. I conclude, therefore, that even before the enabling acts, under the old system, the wife in a suit against her husband for divorce was clearly entitled to any provisional remedy obtainable by a party under that system. Under section 179 of the Code, subdivision 1, in an action not arising out of contract, where the action is for an injury to the person or character, the defendant may be arrested. By this statute we

find a party plaintiff has a remedy created by the statute. Arguing from the proposition as stated in the first point, there can be no doubt about the wife's right to the remedy provided for by this section, in an action for divorce upon the ground of cruel and inhuman treatment, which, as in this case, consists mostly of injuries to her person, to wit, assaults and batteries. The wife has now the right to sue her husband in an action at law for an injury to her property (*Whitney* agt. *Whitney*, 49 *Barb.*, 322). Before the Code she might have maintained a suit in equity against him for the protection of her property and to sustain him from its improper use or destruction (*Freethy* agt. *Freethy*, 42 *Barb.*, 641). And she had her right of action in equity against him for injuries to her person, and on proving such injuries as the plaintiff here alleges she was entitled to her relief, viz.: Separation, support and costs. Now the Code abolished the distinction between actions at law and suits in equity, and abolished all the forms of such actions. There is now but one form of action for the redress of private wrongs (*Code, secs.* 69, 140). Before the Code the wife must have sought her relief in a court of equity. Now she can obtain it by ordinary proceedings according to the practice of the court. Now the wife has only to state the facts which constitute her cause of action and demand the relief she is entitled to (*Code, sec.* 142). If she has the right to sue, it is very clear that under the Code she is entitled to all the remedies any plaintiff would be entitled to. I have no doubt but that she might sue her husband for damages for an assault and battery, and if she proved her allegations of such injuries to her person she could recover. If she could sue and recover, she would be entitled to an order of arrest. As the writ of *ne exeat* has not been abolished, and that will be conceded, I think, the Code has given the wife in such an action as this, where she alleges and proves, as she has done here, the most outrageous, unprovoked, cruel and inhuman assaults and batteries, a new remedy. Her rights have been increased. She has now greater protection

and can better secure the obedience of her husband to the judgment and decrees of the court. Is it possible that the law furnishes the wife protection to her property, but denies it to her person? Can it be that for blows and bruises received at the hands of a brutal husband she has no relief against him in law, but that for such an outrage upon her horse she might, in an action at law, mulct him in damages. Finally, I submit that the question now under consideration has been regarded by this court, and an eminent judge has given his opinion, that an action for a limited divorce, on the ground of cruel and inhuman treatment, clearly comes within the definition of injuries to the person mentioned in section 179 of the Code. Mr. Wait, in his excellent work on practice, also subscribes to this doctrine (1 *Wait Pr.*, 609; *McIntosh* agt. *McIntosh*, 12 *How.*, 289).

DAVIS, *P. J.* — This is an action, under the statute, brought by the plaintiff against her husband for a separation from bed and board forever. The statute provides that the separation may be decreed for the following, amongst other causes: First, "the cruel and inhuman treatment by the husband of his wife;" and, second, "such conduct on the part of the husband towards his wife as may render it unsafe and improper for her to cohabit with him." The complaint in this action, and the affidavit on which the order of arrest is made, stand undenied, and they establish the most cruel acts of personal injuries and violence often repeated, accompanied by threats against the life of the plaintiff, under such circumstances as make it entirely clear that she is entitled to the relief prayed for, to wit, a permanent separation, and proper provision for the support of herself and infant child.

The only question, therefore, is, whether the action is one in which an order of arrest can properly be made under the provisions of section 179 of the Code? This question depends upon the construction to be given to the first subdivision of that section.

Jamieson agt. Jamieson.

That subdivision provides for an arrest upon several causes of action. First, in an action for the recovery of damages on a cause of action not arising upon contract, when the defendant is not a resident of the State, or is about to remove therefrom; and, second, where the action is for an injury to person or character, or for injuring or wrongfully taking, detaining or converting property. The action is not within the first of these classes, because it is not an action for the recovery of damages on the cause of action therein described, and to bring it within the second, it is apparent that it must be an action for an "injury to person," because it is clearly not one of either of the other wrongs named in that clause.

If it be an action for injury to person, within the meaning of the other section, there seems to us no difficulty in upholding the order, for in that case the part of section 179 under consideration would be read, for the purposes of this motion, as though it were in the following words: "The defendant may be arrested as hereinafter described * * * where the action is for an injury to person."

In *McIntosh* agt. *McIntosh* (12 *How.*, 289) the court said, in substance, that an action for a limited divorce on the ground of cruel treatment is an action for an injury to the person; and it was there held that under the provisions of the Code such a cause of action could not be joined with one for divorce on the ground of adultery. This was following *Smith* agt. *Smith* (4 *Paige*, 92), where the chancellor held that those two causes of action could not be united in a bill in equity.

The right of arrest under section 179 does not depend upon the question whether the action is an equitable or a purely legal one.

Section 2 of the Code defines an action to be an ordinary proceeding in a court of justice by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense; and the word "action," wherever used in the

Code of Procedure, must be construed with respect to this definition. Within that definition, this is very clearly an action for the redress and prevention of a wrong; and the fact that the remedy is to be pursued in an equitable form of procedure does not change the nature of the action itself, nor does the relief sought have that effect.

The relief in this case must be strictly equitable, but there is nothing inconsistent between that and the fact that the action is for an injury to the person. The cause of action as alleged in the complaint and affidavit, and as required by the statute relating to divorces of this kind, springs out of direct personal injury by the husband of his wife, which must be of such character as to prove cruel and inhuman treatment, or such conduct on his part as to render it unsafe and improper for her to cohabit with him. In this case, upon the facts alleged, the acts of the husband were, in part, criminal assaults and batteries, frequently repeated, and which inflicted serious injuries on the person of the plaintiff.

These injuries gave her the right of action for the remedies which she now pursues, and we think her cause of action may be properly described, in the language of the Code, as one for an injury to the person. If so, the right to arrest the defendant is given by section 179 of the Code, upon showing that the cause of action exists in the manner described in another section of the Code.

Under the former system the plaintiff's remedy must have been pursued by bill in equity, and by showing a state of facts required by the practice in chancery, the plaintiff could have procured the defendant to be arrested and held to bail upon a writ of *ne exeat*. That remedy still exists in such cases, but does not prevent the use of any other provisional remedy given by the Code. Upon careful consideration, we have concluded, contrary to our first impressions, that the order of arrest in this case can lawfully be upheld.

The case, as presented to us, is one in which this remedy should be permitted to be granted, if it can be in any case of

Jamieson agt. Jamieson.

this character.   So far as relates to the motion to reduce the amount of bail, we think there was no error in denying the motion.   The plaintiff's property is shown to be entirely personal, consisting of securities of various kinds, and to amount to about $30,000.

The relief granted to the wife and child, if the facts which we are now to assume to be true are satisfactorily established, may not improperly reach an amount equal to the security required on this arrest.

The order should be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concur.