REGINA ZORN, Respondent, *v.* JOSEPH ZORN, Appellant.

*Pleadings — a cause of action for an absolute divorce cannot be united with one for a separation — the failure of the plaintiff to separately state his causes of action does not deprive the defendant of his right to demur.*

The complaint in this action, brought by a wife against her husband, stated facts sufficient to constitute a cause of action for an absolute divorce on the ground of his adultery, and also other facts sufficient to constitute a cause of action for a separation. It prayed for a separation, that the defendant be compelled to make provision for the defendant's support, and for such other and further relief as might be equitable.

*Held,* that the complaint was demurrable upon the ground that two causes of action had been improperly united therein.

That the fact that the two causes of actions were not separately stated and numbered, as required by the Code and Rules of Practice, did not deprive the defendant of his right to demur.

Appeal from a judgment, entered upon the decision of the Monroe Special Term, overruling the defendant's demurrer to the plaintiff's complaint.

The action was brought for a divorce, and the relief demanded in the complaint is, that a separation from bed and board forever may be adjudged, and that the defendant be compelled to make provision for the support and maintenance of the plaintiff; and that the plaintiff may have such other and further relief in the premises as shall be equitable and the circumstances of the case may require.

One of the grounds of the demurrer, as stated therein, avers that there is a misjoinder of causes of action. The averments in the complaint are set forth in the opinion.

*J. A. Adlington,* for the appellant.

*W. E. Edmunds,* for the respondent.

Barker, J.:

The serious question presented by the demurrer is, whether separate and distinct causes of action have been improperly united. By the rule of pleading established by the Code of Civil Procedure the plaintiff may unite, in the same complaint, two or more

causes of action, whether they are such as were formerly denominated legal or equitable, or both, if each of such causes of action belong to one or the other of the several classes stated in either of the subdivisions of section 484 of the Code.

In support of the demurrer, the defendant contends that the complaint states a good cause of action for divorce *a vinculo*, as provided in article 2, chapter 15, of the Code; and also a good cause of action for a separation *a mensa et thoro*, as provided in article 3 of the same chapter. (See §§ 1756, 1762.)

In the first paragraph of the complaint it is alleged, in substance, that the parties were married in the city of Rochester, and that they continued to live and cohabit together until about four years prior to the commencement of the action, when the defendant separated from the plaintiff and went to Oneida, in this State, where he now lives; that before leaving Rochester he was living with a woman by the name of Winderman, who accompanied the defendant to Oneida, where he has kept and supported her, and lived an adulterous life with her; and that the defendant gives out that he has married the said woman, and in fact is now living with and supporting her at the said village of Oneida.

If these allegations are true, then the plaintiff is entitled to a judgment for an absolute divorce from the defendant, founded upon the fact of adultery, as charged. An act of adultery is alleged, with a woman whose name is given, and the place where it was committed is stated, and the time when mentioned. There is no material fact necessary for the plaintiff to prove left unstated in the complaint. There is a complete compliance with the rule on this question, as now established and laid down in *Mitchell* v. *Mitchell* (61 N. Y., 398). It is very clear that a demurrer to this part of the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, could not be supported, and if there be any pretense that there is want of particularity or certainty in the statement, the proper mode of relief would be to demand a bill of particulars. (*Tilton* v. *Beecher*, 59 N. Y., 176; *Tim* v. *Tim*, 16 Abb. Pr. [N. S.], 39.)

In the remaining paragraphs of the complaint, it is alleged that since the 1st of September, 1883, the defendant has refused to pay anything towards the support of the plaintiff, and that she is in poor

and destitute circumstances, and that there is no issue of the said marriage; that during all the time the parties lived and cohabited together, as husband and wife, the plaintiff faithfully discharged her duties as wife of th · defendant, and at all times treated him with kindness and forbearance; " that during the years 1870 to 1878, inclusive, and while living together at Rochester, New York, the defendant treated her in a cruel and inhuman manner; that besides living with the said woman, he repeatedly assaulted her and beat her; that he threatened her life; that his said acts of cruelty and inhuman treatment were continuous during the years from 1870 until the time he left the plaintiff as herein stated; that the said defendant is a man of violent passions and ungovernable temper, and on innumerable occasions during the years 1870 to 1878, inclusive, but the dates of which this plaintiff cannot now definitely state, the defendant addressed to her the most opprobrious epithets and threats of personal violence." It is also alleged that the defendant possesses means and income amply sufficient to aid in her support and maintenance. In these allegations sufficient facts are stated to entitle the plaintiff to a judgment of separation from bed and board, and for relief in the way of proper support and maintenance.

That two causes of action of a distinct nature and character are embraced in the complaint, seems clear and is not seriously disputed in the printed argument submitted by the plaintiff's counsel. Under the prayer for relief, the plaintiff would be entitled to a separation on proving the acts of cruelty averred, and, if failing in that, on maintaining the allegations in the complaint as to the charge of adultery, the plaintiff would be entitled to an absolute divorce under the clause asking for such "relief as the plaintiff might be entitled to in the premises, and as should be equitable and just under the circumstances of the case." The prayer for relief is so framed and so broad in its terms that the question whether separate and distinct causes of action are set out in the complaint must be determined upon the allegations of fact set forth therein.

The suggestion that the act of adultery set out in the complaint is mentioned simply to aid the charge of cruelty cannot be accepted to defeat the demurrer, if by any fair construction of the complaint and the relief asked for the plaintiff would be entitled to a

judgment for either an absolute divorce, or separation, as the facts might appear upon the trial. But the plaintiff's main contention is, that both causes of action may be united in the same complaint without violating the statutory rule as to the joinder of causes of action. The charges of adultery and of cruel usage are not only distinct and unconnected charges, but they lead to separate and distinct issues. The mode of proceeding is different; and it leads to confusion to connect them in the same action. One of the causes of action asks for a judgment dissolving the marriage contract; and the other for relief based upon its existence and continuance. The charge of adultery overbears and destroys the effect of the one of cruelty and ill treatment and the remedy is merged in the other, and it would be vexatious and improper, as well as useless, to pursue the charge of cruel usage until the charge of adultery had been tried and determined adversely to the plaintiff. These views were expressed by the Chancellor, in *Johnson* v. *Johnson* (6 Johns. Ch., 163), where it was distinctly held, that charges of adultery and of cruel usage were distinct and independent in their character and cannot be joined together in the same action. This rule has never been departed from in this State and has been adhered to since the adoption of the statutory rule of pleading. (*Smith* v. *Smith*, 4 Paige, 92; *McIntosh* v. *McIntosh*, 12 How., 289; *Henry* v. *Henry*, 17 Abb., 411; *McNamara* v. *McNamara*, 9 id., 118.)

We need not further restate, in this opinion, the reasons and arguments upon which these decisions are founded, as we consider them controlling upon the question.

In *Doe* v. *Doe* (23 Hun, 19), the learned judge there remarked, that the cases in this State were not, in his opinion, conclusive on this point, but declined to pass upon the question, and stated that by the rule as now established in the English courts, these causes of action might be united, and cited *Hughes* v. *Hughes* (Law Rep., 1 Prob. & Div., 219).

In the complaint the separate causes of action were not separately stated and numbered, as required by the Code and rules of practice. But this omission to comply with the rule does not deprive the defendant of his right to demur. ( *Wiles* v. *Suydam*, 64 N. Y., 173; *Goldberg* v. *Utley*, 60 id., 427.) We are unable to escape the

conclusion that the demurrer was well interposed and should have been sustained.

Judgment reversed, the demurrer to the complaint sustained, with leave to the plaintiff to amend within twenty days.

BRADLEY and HAIGHT, JJ., concurred; SMITH, P. J., not sitting.

Judgment and order reversed and demurrer sustained, with leave to the plaintiff to amend the complaint within twenty days.