Van Orden *v.* Van Orden.

JOHN N. VAN ORDEN, appellant,

*v.*

MARGARET J. VAN ORDEN, respondent.

[Filed June 19th, 1899.]

In a suit brought in the court of chancery by a married woman against her husband, to compel the payment of alimony which had been awarded to her by the court of a sister state on a decree of divorce *a mensa et thoro*, the wife may sue alone, without a *prochein ami*.

On appeal from an order advised by Vice-Chancellor Reed.

*Mr. Edwin G. Adams*, for the appellant.

*Messrs. Skinner & Ten Eyck*, for the respondent.

The opinion of the court was delivered by

DIXON, J.

The bill in this case alleges that on August 31st, 1897, the supreme court of the State of New York, in a suit brought by the complainant against the defendant, her husband, for divorce *a mensa et thoro* and alimony, decreed that the parties should be separated and that the defendant should pay to the complainant the sum of $150 a month from May 1st, 1897, during her natural life, for her support and maintenance, and also the sum of $950 for surgical and other expenses in connection with her illness, and $163.87, costs of suit. The bill further shows that the grounds of this decree were the cruelty of the defendant and his abandonment of and neglect to provide for his wife, the complainant.

35

On these facts the bill prays that the defendant who, since the institution of the New York suit has removed to this state, may be compelled to pay to the complainant the money thus awarded to her.

The bill was filed by the wife alone, and the only objection presented on this appeal is that she did not sue by her next friend.

We think this objection is not well taken.

The bill is, in substance, one for alimony, the New York decree being merely the evidence (whether conclusive or not we need not now decide) of her right thereto. As such the suit belongs to the class of causes cognizable, under the ancient judicial system of England, in the ecclesiastical courts. *2 Burn Eccl. L. 450 ; Stones* v. *Cooke, 8 Sim. 321 note q.*

According to the practice of those courts, a wife, if of age, sued or defended in matrimonial causes without a next friend. *Coote Eccl. Pr. 320 ; 2 Bish. Mar., D. & S. § 513 ; 2 Nels. Div. & S. § 728.*

In *Smith* v. *Smith, 4 Paige 92*, Chancellor Walworth indicates that in suits for separation and alimony the same procedure prevailed in New York.

In New Jersey this practice has been adopted in all matrimonial causes. Thus, in *Amos* v. *Amos, 3 Gr. Ch. 171 (1842)*, which was a suit for separation and alimony, Chancellor Pennington said : "In this state the practice is settled that a *feme covert* may apply for a divorce for any cause in her own name, without a *prochein ami*." So, in *Ballantine* v. *Ballantine, 1 Halst. Ch. 519 (1846)*, where a wife, suing for alimony without divorce, had sued by a next friend, Chancellor Halsted said : "The bill, I think, might be filed by the wife in her own name, without a next friend."

An examination of the files in the court of chancery shows that the practice thus sanctioned has been uniformly followed from that day to this.

The matter is not affected by our Married Woman's act, section 14 of which declares that nothing in the act shall enable husband or wife to sue each other except as theretofore.

The order appealed from, which maintains the bill against this objection, should be affirmed.

*For affirmance*—The Chief-Justice, Van Syckel, Dixon, Garrison, Lippincott, Gummere, Ludlow, Collins, Hendrickson, Adams, Nixon, Vredenburgh—12.

*For reversal*—None.