E. JOHNSON *against* A. JOHNSON.

The charges of adultery, and of cruel usage, being distinct and independent, and leading to distinct issues and decrees, cannot be joined together in the same bill.

THE bill contained charges of adultery, and of *June 25th.* cruel and inhuman treatment, and the cause was at issue on an answer, without oath, to the whole bill.

It was agreed by the counsel for the parties, to submit the question, whether the charges could be united in the same bill; and that, if the Chancellor should be of opinion they could not, the plaintiff might elect which charge to retain; and, if the former should be retained, that then a feigned issue should be awarded to try the fact.

*Bogardus*, for the plaintiff.

*E. W. King*, contra.

THE CHANCELLOR. The charges of adultery, and of cruel usage, are not only distinct and unconnected charges, but they lead to distinct issues and decrees. An answer to a charge of adultery may be without oath, but an answer to a charge of cruel usage must be upon oath. The charges, therefore, necessarily require separate answers; and if the charge of adultery be denied, a feigned issue must be awarded, which need not be the case on denial of the charge of cruel usage, but the latter may be tried upon depositions, according to the ordinary course of the Court. If the adultery be confessed, or if the bill, as to that charge, be taken *pro confesso*, still there must be a reference to a master, to take and report proof of the charge; and the cause must be brought regularly to a hearing upon

such proof. But, if the defendant confesses the other charge, or if he suffers the bill to be taken *pro confesso*, the admission is conclusive, and puts an end to the controversy. The decrees, in the two cases, are essentially different. In the one, it is an absolute divorce, with a disability to the defendant to marry again. In the other, the divorce is only *e mensa et thoro*, and may be for life, or for a limited time, in the discretion of the Court.

The two charges are thus inconsistent with each other, in respect to the mode of proceeding, and the remedy; and it leads to confusion, to connect them together in the same bill. The charge of adultery overpowers and destroys the force and effect of the other charge, for the one remedy merges in the other. Suppose the answer, at the same time, admits both charges, it would be useless and absurd to decree a qualified divorce, until the charge requiring an absolute divorce has been duly ascertained. So, if both charges be equally denied, it would be vexatious and improper, as well as useless, to pursue proof of the charge of cruel usage, until the charge of adultery had been determined. To be instituting an inquiry into the history of the domestic life of the parties, to make out the charge of habitual cruelty, or other indecent and outrageous conduct, and this, too, upon the mere *contingency*, that such proof might be wanted, if the other charge of adultery did not succeed, would be unfit and unbecoming. The proceeding, under the charge of cruel usage, must, of course, be suspended, from the very moment that the answers come in, until the prosecution for adultery has terminated against the plaintiff. Where, then, can be the utility or necessity of uniting the charges in the same bill? I see no reason for it, unless it be to favour the plaintiff as to costs, by allowing her to have, for greater caution, one charge in her bill to resort to, when another fails. But, I doubt the policy and expediency of such an indulgence. The charge of adultery is

too grave to be made without very satisfactory grounds. It strikes at the very existence of the marriage tie, and neither of the parties ought to be encouraged to make it, by any special indulgence of the Court.

I feel well persuaded, from a perusal of the statute which gives jurisdiction on this subject, that the prosecutions for adultery, and for cruel usage, were contemplated as totally distinct and separate prosecutions. This appears from every part of the statute, and especially from the section which declares, that security for costs may be required of a plaintiff, who prosecutes for cruel usage only. What are we to do if both charges are blended in the same bill? Must we counteract the intention of the statute, by requiring such security in both cases, or in neither?

There is no analogous case in the *English* Courts, because they have no such jurisdiction; but this case falls within the principle of many of their decisions. A demurrer will lie to a bill for multifariousness, or where the bill blends different demands, totally unconnected. (*Cooper's Treatise,* 182. *Dickens,* 677.) Thus, in *Ward* v. *Duke of Northumberland,* (2 *Anst.* 469.) it was held, that if a defendant be charged, in his private character, and, also, in his character as executor, he may demur, because, the demands are perfectly distinct, and lead to different investigations. So, in *Hester* v. *Weston,* (1 *Vern.* 463.) it was held, that the defendant might demur, if the bill contained several matters, not relating one to the other, and in some whereof the defendant is not concerned. The case of *The Attorney General* v. *Corporation of Carmarthen,* (*Cooper's Eq. Rep.* 30.) is still stronger to the point. An information was filed against a corporation, stating, that they were seised of the estates, partly for purposes of public utility, and partly for the benefit of a private charity, and charging them with a misapplication of funds. A demurrer was allowed for blending, in the same bill, different transactions, no way connected. The Court has been, uni-

formly, anxious to prevent confusion, and to preserve some analogy to the simplicity of declarations at common law.(a)

I conclude, that the charges ought not to be united in one bill; and, consequently, that the plaintiff be put to her election, within eight days after service of a copy of this decretal order upon her solicitor, which of these charges she will abide by in this suit. ,

Decree accordingly.

(a) Vide *Brinkerhoff* v. *Brown,* ante, p. 139.