# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY.

### APRIL TERM, 1840.

---

## MARGARET DECAMP v. JOSEPH DECAMP.

A charge of adultery, and a charge of extreme cruelty, cannot be united in the same bill.

Nor is it proper to blend in one bill, an application for a divorce, with a prayer for independent relief grounded on charges which require an answer under oath.

A bill for a divorce may contain a prayer for alimony, and any charge made in the bill respecting property, which might affect the question of alimony, would be proper.

THE bill contained charges of adultery and of extreme cruelty against the husband. It also charges that Peter Emley, the father of the complainant, being desirous of providing for herself and her children, and supposing that a conveyance of land directly to her would be beyond the control of her husband, by deed dated the fifth day of March, eighteen hundred and thirty-four, in consideration of natural love and affection, and of the sum of one cent to him paid, conveyed to the complainant a farm in the township of Mansfield, in the county of Burlington,

[Decamp v. Decamp.]

containing about two hundred acres, in trust that she should stand seized of said premises during her natural life, and take and receive the rents, issues and profits thereof, to and for her own use and benefit; and that from and immediately after the death of the complainant, her heirs should stand seized thereof for the use of all her children living at her death, as well those born at the execution of the deed as those that might be born thereafter. That soon after the execution of said deed, the defendant moved upon the farm, and continued to receive the rents, issues and profits, and to maintain himself out of the farm. That he had also committed waste upon the premises in cutting down the young timber growing thereon, to the injury of the inheritance, and threatened to continue such waste and destruction at his pleasure. That the complainant, by the conduct of the defendant, had been compelled to leave him. That he utterly refused to support her, or to permit her to receive the profits of the farm; and that she was dependent upon the kindness and charity of her friends for her support. The bill prays that the complainant may be divorced from the bond of matrimony with the defendant; that the defendant may be directed to allow her a proper alimony; to deliver up to her, or to some trustee for her, to be appointed by the court, the said farm, and to account for all the rents and profits thereof since the complainant left his house; and that in the mean time he may be enjoined from cutting wood and timber on the premises or committing other waste thereon.

The defendant demurred to the bill for multifariousness. The cause was argued upon the demurrer.

*H. W. Green*, for defendant, in support of the demurrer, cited, *Cooper's Eq. Pl.* 182; 2 *Madd. Ch. Prac.* 294; *Ward v. Duke of Northumberland*, 2 Anstr. 469; *Davoue* v. *Fanning*, 4 J. C. R. 199; *Johnson* v. *Johnson*, 6 J. C. R. 163; *Clutch* v. *Clutch, Saxton*, 474.

*Wilson*, for complainant, contra.

[Decamp v. Decamp.]

THE CHANCELLOR. The demurrer to this bill for multifariousness must be sustained. It is a bill seeking, *first*, a divorce *a mensa et thoro*, for extreme cruelty; *second*, a divorce *a vinculo matrimonii*, for the cause of adultery; *third*, calling on the defendant to deliver up to the complainant a certain farm and premises conveyed to her by her father, and to account for the rents and profits thereof; and, *fourth*, for an injunction to restrain the defendant from the commission of waste. All these several matters cannot be blended in one bill. It would tend to utter confusion, and be embarrassing, not only to the defendant in making his defence, but to the court in decreeing the remedy.

It is clear, although it has never been decided in this court, that a party cannot in the same bill seek a divorce for extreme cruelty and for adultery. The decree is very different in the two cases. In the one case, the parties are only separated, and that, perhaps, for a short time; in the other, the marriage relation is dissolved, and the parties are at liberty to marry again. The defendant might be surprized by a bill framed with these two aspects, and be left in entire uncertainty as to which ground the complainant meant ultimately to rest on. The case cited from *Saxton*, 474, shows that the chancellor only tolerated a bill thus framed because no exception had been taken to the proceeding, and the reasoning of the case in 6 *Johns. Ch.* 163, is as applicable under our statute as under the statute of the state of New-York.

To blending the remaining parts of this case with the application for a divorce, there is an additional objection. The answer to a bill for a divorce, by our statute, cannot be under oath, while in all other cases it must be. This, upon a bill framed as in the case before the court, would require two answers to one bill—one under oath and the other not under oath. It would be impossible to conform the practice of the court under our statute with uniting these various and independent demands in the same bill, and it would be unwise so to do, if it was practicable. Nothing is so calculated to create embarrassment in ascertaining rights as to throw into one case several unconnected causes of action.

[Decamp v. Decamp.]

The complainant's counsel has insisted, that all that part of the bill having relation to property, was introduced only to affect the question of alimony. But such is clearly not the object; for the prayer asks independent relief by a divorce—for alimony—for delivering up the farm and premises—for an account of the rents and profits, and for an injunction. There can be no doubt that in a bill for a divorce a prayer for alimony may be inserted, and any charges made in it respecting property, which might affect that question, would be proper.

The demurrer sustained, with costs.

[At a subsequent day in term, the question of costs being agitated, the chancellor, under the peculiar circumstances of the case, modified the opinion and disallowed costs.]