## MARGARET BURDELL vs. JOHN BURDELL.

On an application for leave to put in a supplemental answer, alleging adultery on the part of the Plaintiff after the original answer is put in, the Defendant must show to the court that the reasons assigned for such application are cogent and satisfactory, that the facts to be added are highly probable, if not certain.

But if such facts happened subsequent to the answer, the proper remedy for Defendant

is to obtain an order that the cause stand over until a new bill, in which the facts can be put in issue, can be brought to a hearing with the original suit. (Story's Eq. Pl., § 903; Milford's Pl. 329.)

*February Special Term*, 1848. *New York county.*—A bill was filed for a separation between husband and wife on the ground of cruelty and desertion on his part; he put in an answer setting up her bad conduct. After his answer was in, he applied for leave to put in a supplemental answer, alleging adultery of the part, committed since he had put in his answer.

E. PIERPONT, *for Defendant.*
C. EDWARDS, *for Plaintiff.*

EDMONDS, Justice.—There are two valid objections to granting this motion.

1. The fact of adultery charged, is not made out. All may be true that is alleged in the affidavits on the part of the Defendants, and yet the Plaintiff be entirely innocent. To justify the granting of such an application, the court requires very cogent circumstances, and such as repel the notion of any attempt to evade the justice of the case, or to set up new and ingeniously contrived defences or subterfuges. Before allowing it, the court should be satisfied that the reasons assigned for the application are cogent and satisfactory, that the facts to be adduced are highly probable if not certain, that they are material, that the party has not been guilty of negligence, and that the facts have come to his knowledge since the original answer was sworn to. (*Smith* v. *Babcock*, 2 Sumn. R. 583.)

2d. The other objection to the application is, that the facts sought to be set up, having happened subsequent to the answer, cannot with propriety be put in issue by amending the answer. The proper way for the party to avail himself of these facts, if the court were satisfied that they could be of advantage to him, would be to obtain an order that the cause stand over until a new bill in which the facts could be put in issue, could be brought to a hearing with the original suit. (Story Eq. Pl. § 903; Milford's Pl. 329.) The Chancellor, in *Smith* v. *Smith*, 4 Paige, 438, expresses an opinion that the defence may be set up on supplemental answer, but the point was not before him, and his remark was *obiter*. While on the other hand, Story and Lord Redesdale, both good authority, lay down the rule as I have stated it; see also 2 Daniel's Ch. Pr. 914, and *Taylor* v. *Titus*, 2 Ed. R. 135, where the point was expressly ruled.

Motion denied with costs.