# SUPREME COURT.

## CATHARINE M'INTOSH agt. THOMAS M'INTOSH.

An application for *divorce* on the ground of *adultery*, cannot be classified under § 179, sub. 1, of the Code, as an action for "an injury to the person or character." It stands upon a different footing, and contemplates a wholly different result.

An action for a *limited divorce*, on the ground of *cruel and inhuman treatment*, clearly comes within the definition of injuries to the person, mentioned in § 179.

It would therefore be a very improper union of causes of action, to allow these two distinct and separate grounds of relief, founded on utterly dissimilar transactions, requiring different lines of testimony, and a totally different array of evidence, both in the attack and defence, and leading to dissimilar judgments, to be united in the same complaint.

Besides, if the plaintiff is right on the first ground of complaint, a single trial would dispose of the whole controversy, and give her the largest relief the law is capable of affording.

*Oneida Special Term, March,* 1856.

THE plaintiff, by her next friend, filed her complaint in this case against her husband, the defendant, praying relief against him; first, for an absolute divorce on the ground of adultery; and secondly, for a limited divorce, on the ground of cruel and inhuman treatment.

The defendant interposed a demurrer to the complaint, on the ground that several causes of action had been improperly united.

M. H. THROOP, *for defendant.*
J. G. CRAMER, *for plaintiff.*

BACON, Justice. It is not claimed on the part of the plaintiff that the causes of action, which are united in the complaint, come within the scope of the first subdivision of § 167 of the Code, which provides for such union of causes when they

"arise out of the same transaction, or transactions, connected with the same subject of action."

But it is insisted that the case falls within the terms and intent of the third subdivision of the section which authorizes such union when the cause of action arises out of " injuries, with or without force, to person and property, or either."

The second cause of action, which asks relief on the ground of cruel treatment, undoubtedly comes within the definition of injuries to the person; and the question is, whether the relief demanded on the alleged ground of the adultery of the defendant falls within the same category?

It is not to be doubted, I think, that when the 167th section was prepared, the subject of actions at law was within the contemplation of the authors of the Code, and that matters of equitable cognizance were not intended to be provided for by this section, and its various subdivisions.

The subsequent amendment has extended the scope of the section, but it has not, as I conceive, enlarged the classification of actions which come within the definition of those which are founded on *injuries to the person.*

Before the Code, it would not have been deemed that an action for a divorce on the ground of adultery would be treated or termed an action for an injury to the person.

It is founded on an alleged breach of the marriage contract, and seeks an absolution from its engagements by the aggrieved party, and asks no pecuniary compensation by way of damages, either of a primitive or compensatory nature.

It is remarked by VAN SANTVOORD, (*Pleadings, 2d ed. p.* 199, &c.,) that there is a large class of actions in which relief was formerly administered on the equity side of the court, which do not strictly belong to either of these subdivisions, and for the joinder of which the Code lays down no rule, except that prescribed in the first subdivision, and among these. he names an action for divorce; and the same remark, in substance, is made by WILLARD, J., in *Durkee* agt. *Saratoga and Washington Railroad Company,* (4 *How.* 226.)

I should have had no doubt that the claim for relief, grounded

on the allegation of adultery, could not be classed with injuries to the person, but for the decision of Justice PARKER, in *Dela-mater* agt. *Russell*, (4 *How*. 234,) where he holds, that an action for criminal conversation with the plaintiff's wife comes within the 179th section, which provides for the arrest of a party defendant, where the action is for "an injury to the person or character." He vindicates it on the ground that the action is brought for depriving the plaintiff of the comfort, society and aid of his wife, and is therefore an invasion of his personal rights. It is possible this construction may be upheld, viewing the action in this light, and as brought against the wrong-doer, and seeking pecuniary compensation for the outrage. This decision has been followed in the sixth district, and applied to an action of seduction, although with some hesitation. (3 *Code Rep*. 9.)

I should be reluctant to carry the doctrine any further than these cases have gone ; and as an application for a divorce on the ground of adultery stands upon a different footing, and contemplates a wholly different result, it should not be classified under this subdivision of the Code. It is not technically, nor within the normal or legal sense of the terms an action for an injury to the person.

It was long ago decided, in the old court of chancery, that charges of adultery, and of cruel usage, being distinct and independent, and leading to distinct issues and decrees, could not be joined in the same bill. (*Johnson* agt. *Johnson*, 6 *John*. *Ch*. *R*. 163.) In deciding this case, Chancellor KENT remarkes forcibly upon the inconsistency and incongruity of the two charges, both as to the mode of proceeding and the remedy. The charge of adultery overpowers and destroys the effect of the other charge, and the one remedy merges in the other. There is no reason for uniting the two charges, unless it be to favor the plaintiff as to costs, by allowing her to have one charge in her bill to resort to when the other fails. He adds: " The charge of adultery is too grave to be made without very satisfactory grounds. It strikes at the very existence of the

M'Intosh agt. M'Intosh.

marriage tie; and neither of the parties ought to be encouraged to make it by any special indulgence of the court." The same point was held in *Smith* agt. *Smith*, (4 *Paige*, 92,) by Chancellor WALWORTH, who goes through nearly the same process of reasoning, without having been apparently aware that Chancellor KENT had anticipated him, and already decided the case.

It would, therefore, in my judgment, be a very improper union of causes of action, to allow these two distinct and separate grounds of relief, founded on utterly dissimilar transactions, requiring different lines of testimony, and a totally different array of evidence, both in the attack and defence, and leading to dissimilar judgments, to be united in the same complaint. If the plaintiff succeeds on the first ground, she is entitled to have a judgment that the marriage tie be dissolved; and she is wholly released from its obligations; and the other issue is totally irrelevant and immaterial.

But one distinct and specific issue should, if possible, be presented to the jury; and neither they nor the court should be embarrassed by two trials proceeding concurrently in the same cause, when if the party is right in the alleged ground of complaint first presented, a single trial will dispose of the whole controversy, override all minor questions and issues, and give her the largest relief which the law is capable of affording.

There must be judgment for the defendant on the demurrer, with leave to the plaintiff to amend on payment of costs.