Johnson; J. (dissenting.)
The question involved in this appeal is, whether the defendant in the action may recriminate, not only for the purpose of defeating the plaintiff’s right of action, against her, but also, by way of counter-claim, for the purpose of obtaining affirmative relief, of the same *13 character, with that prayed for in the complaint, in her favor against the plaintiff. I denied the motion at special term, on the ground that this was not such a counter-claim within the meaning of the code as would entitle her, in any event, to affirmative relief against the plaintiff. Upon a careful review of the grounds of that decision I am entirely satisfied that it was erroneous and that the motion should have been granted. The action is brought to procure a decree of divorce and to have the marriage between the parties dissolved. The cause or ground of the action is the alleged breach, by the defendant, of the covenant of marriage, by which the relation was established, by the commission of the acts of adultery charged in the complaint. Marriage, by our law, is a civil contract, and the marital relation created thereby, is founded in contract only. When the contract is consummated, and the marriage relation thereby established, the act of adultery by either party is such a breach and violation of the contract, and of the relation, as to nullify and dissolve both, at the election of the innocent and injured party. And this is the only remedy which the law gives to either party, against the other, for such'a violation. The cause of the action is the. breach of the marriage covenant. The mere act of adultery is not the cause of the action. Such act is of no consequence, in the view, and for the purposes of the action, except as it affects the contract, and the relation of the parties. It is the breach of the contract, and of the relation, caused by the act, and not the mere act itself, which constitutes the cause of action. If there were no breach, there could be no such cause of action. It is the breach, therefore, which constitutes the cause of action, and not the mere act which occasions the breach. Bacon, J. in McIntosh v. McIntosh, (12 How. Pr. Rep. 290,) says of the action that “ it is founded on an alleged breach of the marriage contract, and seeks an absolution from its engagement, by the aggrieved party.”
This is clearly shown by. the defense which the defendant was always, in actions of this kind, allowed to set up in bar *14 of the action by way of, recrimination, and proof of a correspendent infidelity to the marriage vow on the part of the plaintiff. The recriminatory charge was required to be of the same character with that alleged in the complaint, and when proved defeated the action “ on the principle that a man cannot be permitted to complain of the breach of a contract which he has first violated.” (2 Kent’s Com. 100.) Such a . principle was never applied to an action founded upon a mere tortious injury. In this respect it is like any other contract which has been violated by one of the parties to it, the breach -v constituting the cause of action, the remedy only being somewhat different. That the general subject of the action is the marriage, and the marriage relation, can scarcely be denied. The entire action, both in respect to its ground or cause, and the remedy sought, relates to the covenant and marriage relation alone. This being so, I do not see why the adultery charged by the defendant, upon the plaintiff, in her answer, does not fulfill, strictly and technically, every requirement of the code, to constitute a counter-claim, and entitle a defendant to affirmative relief. It exists in favor of the defendant, against the plaintiff. It is a cause of action,' arising out of the contract set forth in the complaint, as the foundation of the plaintiff’s claim, and is connected with the subject of the action. The plaintiff’s alleged cause of action arises out of a breach of the marriage contract, and the defendant’s counter-claim arises out of a like breach on his part, of the same contract. In an action brought upon the alleged breach of any other contract, there can be no question that the defendant may deny the alleged breach, and set up by way of answer, a counter-claim against the plaintiff, a breach on his part of the same contract, and claim such relief as the law gives for the breach complained of. It is difficult to see why the same rule, precisely, does not apply in an action of this description. The law always allowed a defendant, in an action of this kind, to put in a counter-claim like this, as a shield, and to defeat the plaintiff’s action. The same evidence could always be *15 given that will be given now if affirmative relief is allowed to the defendant. Allowing the defendant to have affirmative relief, when the evidence is all out, avoids a multiplicity of actions, which was always regarded with favor by a court of equity, and is strongly recommended by considerations of convenience and the speedy determination of litigation between the parties. If it comes fairly within the counter-claim allowed by the code, it would be not only idle, but exceedingly vexatious, to compel the defendant to bring a new action, and go over again with the same evidence, to obtain the relief, which the court might just as well give in the existing action. It was, upon full and careful consideration, held to be a counter-claim, within the purview of the code, by the superior court of the city of New York, in the case of J. W. B. v. F. D. B., (11 N. Y. Legal Obs. 350.) I think that decision was correct.
[Monroe Gereral Term,
December 1, 1862.
It is admitted that if the action was founded upon the wrongful act, merely, and sounded only in tort, like assault and battery or actions of crim. con. against a third party, it would not constitute a counter-claim, as it would in such case only be another tort. But the action does not sound in tort; its foundation is the breach of a marriage covenant, and its only object is to obtain a decree dissolving the covenant and the relation thereby created. I am of the opinion, therefore, that the order appealed from should be reversed, and the motion granted.
Order affirmed.
Johnson, James C. Smith and Welles, Justices.]