## HENRY *a.* HENRY.

*New York Superior Court; At Chambers, April,* 1864.

COUNTER-CLAIM.—ABSOLUTE AND LIMITED DIVORCE.— JOINDER OF CAUSES OF ACTION.

In an action not upon contract, a counter-claim which does not arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or which is not connected with the subject of the action, is inadmissible.

In an action for a limited divorce, on the ground of cruelty, the defendant is not at liberty to set up the adultery of the plaintiff either as a defence or as a counter-claim.

A claim for an absolute divorce cannot be tried in the same action with a claim for a limited divorce.

Motion for leave to serve supplemental answer.

This was an action by Jane Henry against James Henry for a limited divorce, on the ground of cruelty. The defendant, after having answered, alleging the like conduct on the part of the plaintiff, now moved for leave to serve a supplemental answer, setting up adultery on her part, and asking an absolute divorce by way of counter-claim.

*Charles S. Spencer,* for the motion.

*John N. Lewis,* opposed.—In this action, a plea of adultery, after the acts of cruelty complained of, is not admissible either

Henry *a.* Henry.

as a defence or counter-claim.   1. It cannot be a counter-claim, because it is not part of the transaction alleged in the complaint, nor connected with the subject of the action—to wit, the cruel treatment alleged.  (*Code*, § 150; see Diddell *a.* Diddell, 3 *Abbotts' Pr.*, 167.)   2. It is not a defence, because it is neither a denial nor a justification.   3. Cruelty would not be pleadable either as a defence or counter-claim, in an action for divorce on the ground of adultery.  (Griffin *a.* Griffin, 23 *How. Pr.*, 183; Diddell *a.* Diddell, 3 *Abbotts' Pr.*, 167.)   4. Cruelty and adultery cannot be joined in one complaint as grounds of divorce.  (McIntosh *a.* McIntosh, 12 *How. Pr.*, 289; Rose *a.* Rose, 11 *Paige*, 166; Smith *a.* Smith, 4 *Ib.*, 92; Johnson *a.* Johnson, 6 *Johns. Ch.*, 163.)   5. There is but one precedent for such a motion as this, and that was denied on the ground that the remedy was by a cross-suit only.  (Burdell *a.* Burdell, 2 *Barb.*, 473; S. C., 3 *How. Pr.*, 216.)

ROBERTSON, C. J.—The charge of adultery, sought to be set up in the answer, may be a good subject for a separate action. It is not a counter-claim, because it does not arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (*Code*, § 150; Diddell *a.* Diddell, 3 *Abbotts' Pr.*, 167.)  Nor is it a defence, because not connected with the acts of cruelty charged in the complaint.  The kinds of relief asked for are entirely different, so that they cannot be joined in one action.  (Johnson *a.* Johnson, 6 *Johns. Ch.*, 163; McIntosh *a.* McIntosh, 12 *How. Pr.*, 289.)  And the entire incongruity of the causes of action would prevent their being tried in one action.  (McNamara *a.* McNamara, 2 *Hill*, 547; S. C., 9 *Abbotts' Pr.*, 18.)  And it has been so held in one case.  (Burdell *a.* Burdell, 2 *Barb.*, 473; S. C., 3 *How. Pr.*, 216.)  It is not necessary to notice other objections.

Motion denied, with $7 costs.