(56 Misc. Rep. 376.)

### CONRAD v. CONRAD.

(Supreme Court, Special Term, New York County.   November, 1907.)

ACTION—DIVORCE—COMPLAINT—JOINDER OF CAUSES.

Though, under Code Civ. Proc. § 1770, a defendant in divorce can set up a counterclaim consisting of a cause of action either in divorce or separation, plaintiff cannot, in a complaint for divorce, unite both causes of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 387.]

Action by Reine Conrad against George T. Conrad for divorce. Demurrer to complaint sustained.

May & Jackson, for plaintiff.
Ornstein & Levy, for defendant.

BLANCHARD, J.   The complaint sets forth the adultery and the cruel conduct of the defendant, and asks for a decree of divorce or, in the alternative, a decree of separation. The defendant demurs, alleging that there is a misjoinder of causes of action in the complaint. Zorn v. Zorn, 38 Hun, 67, expressly holds that causes of action in divorce and separation cannot be united in the same complaint. This case has never been overruled, and seems, therefore, controlling in the present case. The court held in Zorn v. Zorn that such a joinder of causes of action was in violation of section 484 of the Code of Civil Procedure, which provides that causes of action of certain enumerated classes may be united, and that the causes of action may be united only when arising out of the same transaction or connected with the same subject of action and consistent with each other.

The plaintiff contends that, since section 1770 of the Code of Civil Procedure permits a defendant to set up against an action for divorce or separation a counterclaim consisting of a cause of action either in

divorce or separation, he may join both causes of action in his complaint. It has been held at Special Term that this section permits the defendant to join both causes of action in a counterclaim (Spahn v. Spahn, 12 Abb. N. C. 169); but, in so far as the defendant is permitted to join both these causes of action in his counterclaim, the practice rests solely upon the authority of section 1770, which refers only to counterclaims and has no application to complaints (Mason v. Mason, 34 Civ. Proc. R. 193, 94 N. Y. Supp. 868). It is difficult to see why the same practice which governs the joinder of causes of action in the counterclaim should not be extended to the complaint. The cases upon which Zorn v. Zorn, supra, rested were determined by considerations which would seem quite as applicable to counterclaims as to complaints. In those cases the courts stated that the cause of action for divorce prayed for a judgment dissolving the marriage contract, while the cause of action for separation contemplated the continued existence of the marriage contract. It seems, however, that this circumstance does not necessarily make the causes of action inconsistent, but rather shows that for the breach of the marriage contract two alternative remedies are demanded; one which will result in the dissolution of the contract, and the other which will result in its continuance with certain changes. Similarly, the cases upon which Zorn v. Zorn rested were largely determined by the manifest reluctance of the courts to subject the defendant to "an inquiry into the history of the domestic life of the parties to make out the charge of habitual cruelty or other indecent and outrageous conduct, and this, too, upon the mere contingency that such proof might be wanted if the other charge of adultery did not succeed." Johnson v. Johnson, 6 Johns. Ch. 163. See, also, Smith v. Smith, 4 Paige, 92; McIntosh v. McIntosh, 12 How. Prac. 289; Henry v. Henry, 17 Abb. Prac. 411; McNamara v. McNamara, 9 Abb. Prac. 18. This consideration, however, seems quite as applicable to complaints as to counterclaims. The reasoning of these cases above mentioned was questioned in a dictum in Doe v. Roe, 23 Hun, 19, 23; but this dictum was disregarded in Zorn v. Zorn, supra.

Although the rule of Zorn v. Zorn, supra, does not impress the court as being wholly satisfactory, it seems that that decision is controlling, and that the demurrer to the complaint herein must accordingly be sustained.