## CONRAD v. CONRAD.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. DIVORCE—JURISDICTION—PLACE OF MARRIAGE—DOMICILE OF PARTIES.

Code Civ. Proc. § 1763, provides that an action for a separation may be maintained in this state, either where both parties were residents thereof when the action is commenced, or, the parties being married within the state, plaintiff was a resident thereof when the action was commenced, or the parties, being married without the state, have become and continue to be residents thereof at least one year, and plaintiff is a resident thereof when the action is commenced. Plaintiff and defendant were married outside the state, and defendant had never been domiciled therein. *Held*, that plaintiff was not entitled to maintain her action in this state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 208–216, 220.]

2. SAME—ALIMONY—ALIMONY PENDENTE LITE—COUNSEL FEES—WHEN PROPER.

Where plaintiff in an action for a separation does not show herself within Code Civ. Proc. § 1763, providing when such an action may be maintained within the state, she fails to show reasonable ground for believing she will succeed in her suit, and therefore is not entitled to alimony pendente lite and counsel fee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 591, 592.]

3. MOTIONS—SCOPE OF—DISPUTED FACTS.

Where the decision of a question depends upon disputed facts, it should not be decided upon motion, but should be held for determination upon trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, § 1.]

Appeal from Special Term.

Action by Reine Conrad against George J. Conrad for a separation. From an order granting alimony pendente lite and counsel fee, defendant appeals. Reversed, and motion denied.

· See 107 N. Y. Supp. 655.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Arnstein & Levy (Alexander Pfeiffer, of counsel), for appellant.
May & Jacobson (I. N. Jacobson, of counsel), for respondent.

CLARKE, J. The action is for a separation on the ground of abandonment and nonsupport. The moving papers aver that the plaintiff and defendant were married at Lyons, Kan., on or about the 16th of August, 1888, and that at that time both parties lived at St. Louis, Mo.; that the defendant has never been domiciled in the state of New York; and that the defendant is not a resident of the state of New York. Plaintiff obtained an order of arrest upon the ground of defendant's nonresidence.

Section 1762 of the Code of Civil Procedure provides for what causes an action for a separation may be maintained. Section 1763 provides that:

"Such an action may be maintained in either of the following cases: (1) Where both parties are residents of the state, when the action is commenced; (2) where the parties were married within the state, and the plaintiff is a resident thereof, when the action is commenced: (3) where the parties, having been married without the state, have become residents of the state, and have continued to be residents thereof at least one year; and the plaintiff is such a resident, when the action is commenced."

Having affirmatively shown that both parties were not residents of the state when the action was commenced, that they were not married within the state, and that, having been married without the state, they had not become residents of the state and continued to be such residents at least one year, plaintiff has established that she comes not within any of the provisions of the statute providing for the maintenance of the action which she has brought. The general rule is that where a wife presents a prima facie case in an action for separation or divorce, and there is reasonable ground to believe that she will succeed, an order providing for the payment of alimony pendente lite and a reasonable counsel fee is proper. Where, by her express allegations of facts, she has shown that she does not come within any of the statutory classes of cases in which such an action may be maintained in the courts of this state, she cannot be said to have presented a prima facie case and furnished reasonable ground to believe that she will succeed. Upon her own showing, therefore, she ought not to have been awarded alimony.

The other questions presented upon the whole record, the validity of the Ohio divorce obtained by the defendant and whether the wife abandoned the husband or the husband the wife, depend upon disputed facts, and ought not to be decided upon motion, but should be left for determination upon the trial.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.