CONRAD v. CONRAD.

(Supreme Court, Appellate Division, First Department. March 13, 1908.)

DIVORCE—JOINDER OF CAUSES FOR DIVORCE AND SEPARATION.

A cause of action for divorce for adultery and one for separation for abandonment and cruel treatment may not be united in one action, under Code Civ. Proc. § 484, authorizing the uniting (1) of causes of action on contract, and (9) those on claims arising out of the same transaction, when the causes of action are consistent with each other; but marriage not being a mere civil contract, and the jurisdictional facts for prosecution of actions for divorce and separation being different (sections 1756, 1763), and defendant in an action for divorce being relieved by section 1757 of the necessity of verifying the answer, though the complaint is verified, while there is no such provision as respects an action for separation, and there being no provision for uniting the two causes of action, while section 1770 provides that in an action under the article as to divorce or under that as to separation a cause of action arising under either article may be interposed as a counterclaim, such causes of action may not be joined.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 10.]

Ingraham, J., dissenting.

Appeal from Trial Term.

Action by Reine Conrad against George J. Conrad. From an interlocutory judgment (107 N. Y. Supp. 655) sustaining a demurrer to the complaint in a matrimonial action on the ground that causes of action had been improperly united, plaintiff appeals. Affirmed.

See 107 N. Y. Supp. 1093.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

May & Jacobson (I. N. Jacobson, of counsel), for appellant.
Arnstein & Levy (Alexander Pfeiffer, of counsel), for respondent.

CLARKE, J. Two causes of action are alleged in the complaint: The first for divorce upon the ground of adultery; the second for separation upon the ground of abandonment, failure to support, and cruel and inhuman treatment. The defendant demurred upon the ground that it appeared upon the face of the complaint that causes of action had been improperly united, and from the interlocutory judgment sustaining the demurrer the plaintiff appeals.

The appellant bases her argument upon the proposition that marriage is a civil contract, and that both causes of action set up in the complaint come within one of the subdivisions of section 484 of the Code of Civil Procedure, and therefore were properly united in one action. Said section, so far as applicable, provides that:

"The plaintiff may unite in the same complaint, two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as follows: (1) Upon contract, express or implied. * * * (9) Upon claims arising out of the same transaction, or transactions connected with the same subject of action, and not included with one of the foregoing subdivisions of this section. * * * But it must appear, upon the face of the complaint, that all the causes of action, so united, belong to one of the foregoing subdivisions of this section; that they are consistent with each other; and, except as otherwise prescribed by law, that they affect all the parties to the action; and it must appear upon the face of the complaint, that they do not require different places of trial."

Counsel states his position concisely as follows:

"In the case at bar the first cause of action alleges a marriage contract and acts upon the part of the defendant which constitute a breach thereof. The second cause of action alleges the same marriage contract, and acts upon the part of the defendant which constitute a breach thereof. The complaint, therefore, alleges two causes of action, both for breaches of the same contract. This clearly brings them within the provisions of subdivision 1 of section 484 of the Code. On the other hand, if it is not sufficiently clear that they come within subdivision 1, then they are surely brought within subdivision 9 of section 484. They do not arise out of the same transaction, but they are upon claims arising out of transactions connected with the same subject of action."

This argument loses sight of a fundamental and controlling fact. Marriage is not only a civil contract, but creates a civil status. Duties, obligations, and restrictions attach to it which do not attach to other civil contracts. An ordinary contract may be dissolved by the mutual consent of both parties: not so the marriage contract. The causes for its dissolution are precisely enumerated in the statute, and can be accomplished only by decree of the court in carefully regulated procedure. Reasoning by analogy is unsafe, because the state has adopted a spe-

cial body of law controlling the subject. In Erkenbrach v. Erkenbrach, 96 N. Y. 456, Chief Justice Ruger said:

"Prior to the year 1787, the courts of this state had no jurisdiction of the subject of divorce, and the only remedy of aggrieved individuals in matrimonial cases was by application to the Colonial Governor and his Council or to the Legislature for relief. Burtis v. Burtis, 1 Hopk. Ch. 557, 14 Am. Dec. 563; Griffin v. Griffin, 47 N. Y. 138. In that year an act was passed authorizing the court of chancery to entertain proceedings, and, when the fact was made to appear, to decree divorce for adultery. This was the only ground for divorce until 1813, when the Legislature authorized decrees for separation from bed and board, upon the application of the wife for cruel and inhuman treatment and desertion; and in 1824 the husband was also enabled to sue for divorce on the same grounds. * * * The courts in this state have no common-law jurisdiction over the subject of divorces, and their authority is confined altogether to the exercise of such express and incidental powers as are conferred by the statute. * * * The provisions of the Revised Statutes constitute a comprehensive and detailed scheme for the treatment of matrimonial and domestic differences, framed with great care to define the rights and liabilities of the respective parties and the power and duties of the courts, and cannot be departed from without usurping an authority not granted by the statute. The statute carefully defines the various causes for which a divorce may be allowed, the relief which may be granted in such actions during the pendency thereof and by its final decree, and the cases in which the courts may make further orders. The Legislature has assumed to legislate upon the subject which is involved in this appeal, and has defined the purposes for which an order may be made by the courts after final decree."

Title 1 of chapter 15 of the Code of Civil Procedure is entitled "Matrimonial Actions"; article 1, "Action to annul a void or voidable marriage"; article 2, "Action for a divorce"; article 3, "Action for a separation"; article 4, "Provisions applicable to two or more of the actions specified in this title." An action will lie solely for the causes therein set forth. Jurisdiction will only be assumed under the provisions therein contained, and judgment may be entered only in the manner therein prescribed. Section 500 of the Code of Civil Procedure provides that an answer must contain "(2) a statement of any new matter constituting a defense or counterclaim." Section 501 defines a counterclaim:

"The counterclaim specified in the last section, must tend in some way to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff or, in a proper case, against the person whom he represents, and in favor of the defendant. * * * (1) A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

But this provision cannot apply to matrimonial actions, because section 1770 of the Code of Civil Procedure provides that:

"Where an action is brought by either husband or wife, as prescribed in either of the last two articles, a cause of action against the plaintiff and in favor of the defendant, arising under either of said articles, may be interposed in connection with the denial of material allegations of the complaint as a counterclaim."

In Durham v. Durham, 99 App. Div. 450, 91 N. Y. Supp. 295, this court said:

"In matrimonial actions, jurisdiction is derived from the statute relating to such subject. There exists no common-law jurisdiction over the matter, and the court in administering the same can only exercise such jurisdiction as the statute confers, or such as is necessarily incidental to the exercise of

the power conferred thereby. Section 1770 of the Code of Civil Procedure makes provision for a defense by way of counterclaim, but in its application it is limited to an action for a divorce a vinculo and a mensa et thoro. A defense by way of counterclaim upon facts which would authorize the annulment of a marriage is not provided for in the section, and does not seem to be authorized by any other statute. That a counterclaim is not permissible as a pleading under such circumstances was held in Taylor v. Taylor, 25 Misc. Rep. 566, 55 N. Y. Supp. 1052, affirmed by this court without opinion, 68 App. Div. 638, 74 N. Y. Supp. 1148."

Section 523 of the Code of Civil Procedure provides that:

"Where a pleading is verified, each subsequent pleading * * * must also be verified."

But section 1757, in article 2, "Action for Divorce," provides that:

"The answer of the defendant may be made without verifying it, notwithstanding the verification of the complaint."

There is no exception in the article governing actions for a separation. Which provision is to control the defendant in this case? May he serve an unverified answer because the first cause of action is for a divorce, or is he required to serve a verified answer because the second cause of action is for a separation?

Section 1756 provides that:

"In either of the following cases, a husband or a wife may maintain an action against the other party to the marriage, to procure a judgment, divorcing the parties and dissolving the marriage by reason of the defendant's adultery. (1) Where both parties are residents of the state, when the offense was committed. (2) Where the parties were married within the state. (3) Where the plaintiff was a resident of the state, when the offense was committed, and is a resident thereof, when the action is commenced. (4) Where the offense was committed within the state, and the injured party, when the action is commenced, is a resident of the state."

Section 1763 of article 3, "Action for a separation," provides that:

"Such an action may be maintained, in either of the following cases: (1) Where both parties are residents of the state, when the action is commenced. (2) Where the parties were married within the state, and the plaintiff was a resident thereof, when the action is commenced. (3) Where the parties, having been married without the state, have become residents of the state, and have continued to be residents thereof at least one year; and the plaintiff is such a resident, when the action is commenced."

If the necessary jurisdictional facts exist for the prosecution in our courts of an action for a divorce, but do not exist for the prosecution of an action for a separation, may the plaintiff, by joining both causes of action in one complaint, although failing upon the first cause of action, yet obtain judgment upon the second cause of action, although the court would have had no jurisdiction if an action had been brought upon that cause alone? That interrogatory is not fanciful, for the complaint at bar is an amended complaint, the plaintiff's original complaint having set up a cause of action for separation. This court decided in Richmond v. Lee (Sup.) 107 N. Y. Supp. 1092, upon an appeal from an order granting counsel fee and alimony pendente lite in said action for a separation, that upon the papers then submitted the plaintiff had established that she did not come within any of the provisions giving the court jurisdiction of the action which she had brought, and reversed the order.

We have found no well-considered case where the courts of this state have decided that these two causes of action could be united in one complaint. While that fact may not be conclusive upon the question, it is entitled to weight when the court is asked to authorize a novel departure from settled practice, and one fraught with what has hitherto been considered as grave and serious consequences.

In Johnson v. Johnson, 6 Johns. Ch. 163, it was decided that charges of adultery and of cruel usage, being distinct and independent and leading to distinct issues and decrees, could not be joined in the same bill. Chancellor Kent remarked upon the inconsistency and incongruity of the two charges, both as to the mode of procedure and the remedy. He said that the charge of adultery overpowers and destroys the effect of the other charge, and the one remedy merges in the other. There is no reason for uniting the two charges unless it be to favor the plaintiff as to costs, by allowing her to have one charge in her bill to resort to when the other fails. He adds:

"The charge of adultery is too grave to be made without very satisfactory grounds. It strikes at the very existence of the marriage tie; and neither of the parties ought to be encouraged to make it by any special indulgence of the court."

In Smith v. Smith, 4 Paige Ch. 92, the complainant filed a bill against her husband charging him with cruel and inhuman treatment, and also with the crime of adultery, and she prayed for a separation from his bed and board forever or for a decree dissolving the marriage contract. The defendant demurred to the bill for multifariousness or duplicity in joining two distinct causes of action requiring different decrees, and which were incompatible and improper to be joined in the same bill. Chancellor Walworth said:

"In a suit for a separation the defendant is required to put his answer on oath, but he may answer a bill for a divorce, on the ground of adultery, without oath. Another difficulty exists as to the mode of trial; the one charge requiring a trial by jury, and the other being triable by the court as in ordinary suits in chancery. It is true this court might award an issue to try the question of cruel treatment, but it would be very difficult to frame an issue which would convey the requisite information to the chancellor to enable him to exercise a sound discretion in deciding upon the propriety of a separation."

After pointing out other difficulties which existed in the practice at that time, he concluded:

"This is not a proper case for a bill with a double aspect, and I am satisfied that public policy as well as the rules of law forbid the joining of these two charges in the same bill. The wife should not be encouraged to make a charge of adultery against her husband unless she has the means of substantiating the charge by proof. And if she can prove the adultery, a suit for a separation or limited divorce is useless."

In McIntosh v. McIntosh, 12 How. Prac. 289, upon a demurrer to a complaint in which causes of action for divorce and for a separation were united, Bacon, J., after examining the provisions of the Code as it then existed, and the foregoing cases, said:

"It would therefore, in my judgment, be a very improper union of causes of action to allow these two distinct and separate grounds of relief, founded on utterly dissimilar transactions, requiring different lines of testimony, and

a totally different array of evidence, both in the attack and defense, and leading to dissimilar judgments, to be united in the same complaint. If the plaintiff succeeds on the first ground, she is entitled to have a judgment that the marriage tie be dissolved, and she is wholly released from its obligations; and the other issue is totally irrelevant and immaterial"

—and sustained the demurrer.

The same question arose upon demurrer in Zorn v. Zorn, 38 Hun, 67, in the Fifth Department, Mr. Justice Barker writing the opinion, with whom Justices Bradley and Haight concurred. He said:

"The charges of adultery and of cruel usage are not only distinct and unconnected charges, but they lead to separate and distinct issues. The mode of proceeding is different, and it leads to confusion to connect them in the same action. One of the causes of action asks for a judgment dissolving the marriage contract, and the other for relief based upon its existence and its continuance. The charge of adultery overbears and destroys the effect of the one of cruelty and ill treatment, and the remedy is merged in the other; and it would be vexatious and improper, as well as useless, to pursue the charge of cruel usage until the charge of adultery had been tried and determined adversely to the plaintiff. These views were expressed by the chancellor in Johnson v. Johnson, 6 Johns. Ch. 163, where it was distinctly held that charges of cruel usage and adultery were distinct and independent in their character and cannot be joined together in the same action. This rule has never been departed from in this state, and has been adhered to since the adoption of the statutory rule of pleading. Smith v. Smith, 4 Paige, Ch. 92; McIntosh v. McIntosh, 12 How. Prac. 289; Henry v. Henry, 17 Abb. Prac. 411; McNamara v. McNamara, 9 Abb. Prac. 18. * * * We need not further restate in this opinion the reasons and arguments upon which these decisions are founded, as we consider them controlling on the question. We are unable to escape the conclusion that the demurrer was well interposed and should have been sustained."

But the appellant argues that the force of these authorities has been destroyed by the amendment to section 1770 of the Code of Civil Procedure made by chapter 703, p. 939, of the Laws of 1881, which allows a counterclaim to be interposed in an action brought either for a divorce or a separation of a cause of action arising under either of said articles, and that therefore, as a counterclaim for divorce may be interposed in an action for a separation, the reason for refusing to unite the two causes of action in a complaint has disappeared.

In the first place, the section had been so amended at the time of the decision of Zorn v. Zorn, supra. It is true that that provision of the Code is not discussed in the case, but it is as fair to assume that it was not considered material as it is that it was overlooked by counsel and the court.

In the second place, it has long been the law that in an action for a divorce, as is now expressed in section 1758, par. 4, of the Code of Civil Procedure, the plaintiff was not entitled to a divorce where the plaintiff has also been guilty of adultery under such circumstances that the defendant would have been entitled, if innocent, to a divorce. And it has also been the law in an action for a separation, as now expressed in section 1765 of the Code of Civil Procedure, that the defendant may set up in justification the misconduct of the plaintiff, and, if that fact is established to the satisfaction of the court, the defendant is entitled to judgment. In other words, in each cause of action the misconduct of the plaintiff was a defense. Then the Legislature went a step fur-

ther and provided for a counterclaim, but limited in the first instance to a counterclaim of the same nature as the cause of action. Then came the amendment of 1881. The practical effect of that is that, if a spouse brings an action for a separation, the other may counterclaim upon the ground of adultery, it being considered illogical that an adulterous wife should be enabled to procure a judgment of separation and require the husband to support her, when, as is shown in several of the cases in the books, as, for instance, Doe v. Roe, 23 Hun, 19, the reason for the alleged cruelty or desertion was her adultery. To allow a counterclaim for an absolute divorce in an action for a separation is quite a different thing from permitting both causes of action to be set up in one complaint.

In the third place, it seems conclusive that the Legislature has not provided for the joinder of these causes of action, while it has specifically provided for the interposition of the counterclaim. As said in Erkenbrach v. Erkenbrach, supra, where, after pointing out that the authority of the courts in matrimonial actions is confined altogether to the exercise of such express and incidental powers as are conferred by the statute:

"The maxim of 'expressio unius est exclusio alterius' has uniformly been applied to the construction of the statutes in our decisions, and seems to govern this case."

It would seem that it has been the settled policy of the courts to hold that such causes of action may not be united in the same complaint. We find no statutory provision authorizing it.

We therefore conclude that the judgment appealed from sustaining the demurrer should be affirmed, with costs to the respondent, with leave, however, to the plaintiff, upon payment thereof, to amend within 20 days. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). The complaint alleges the marriage of the plaintiff and the defendant, and for a first cause of action alleges that the defendant committed adultery in the city of Cleveland, Ohio, with a woman whose name is unknown to the plaintiff, and also committed a similar offense in the city of New York. For a second cause of action the complaint alleges that the defendant willfully abandoned and deserted the plaintiff, and for four years has failed and neglected to provide for her support and maintenance, and that between the 16th of August, 1888, and December, 1901, the defendant had treated the plaintiff in a cruel and inhuman manner. And the complaint demands judgment against the defendant dissolving the marriage, or, in the alternative, separating the plaintiff from the bed and board of the defendant. The ground of the demurrer which has been sustained by the court below is that it is improper to unite in the same complaint a cause of action for an absolute divorce and a cause of action for a legal separation.

Section 484 of the Code of Civil Procedure provides for the causes of action which may be joined in the same complaint, but there is nothing in this section as I read it which bears upon this question. That section provides generally that "the plaintiff may unite in the same com-

plaint two or more causes of action whether they are such as were formerly denominated legal or equitable or both where they are brought to recover as follows"; and then follows 12 subdivisions, none of which apply to an action for divorce or separation. The section then provides:

"It must appear upon the face of the complaint that all causes of action so united belong to one of the foregoing subdivisions of this section, that they are consistent with each other, and, except as otherwise prescribed by law, that they affect all the parties to the action, and it must appear upon the face of the complaint that they do not require different places of trial."

This section is complied with, except that these two causes of action do not belong to any one of the subdivisions of the section. What are termed "matrimonial actions" are provided for by chapter 15 of the Code of Civil Procedure. By article 2 of that chapter provision is made for an action for divorce. Article 3 provides for an action for a separation. Article 4 contains provisions applicable to two or more of the actions specified in this title, and section 1770 provides that where an action is brought by either a husband or wife as prescribed in either of the last two articles a cause of action against the plaintiff and in favor of the defendant arising under either of said articles may be interposed in connection with a denial of material allegations of the complaint as a counterclaim. This last section was amended by chapter 703, p. 939, of the Laws of 1881, the effect of which was to allow a counterclaim asking for an affirmative judgment for a divorce or separation, or both, in an action brought to obtain either a divorce or a separation. No reason is apparent why a defendant should be allowed to unite in one answer asking for affirmative relief two causes of action, one for a divorce and one a separation, which would prohibit the plaintiff from uniting in the complaint two causes of action to entitle him or her to the same relief to which the defendant would be entitled by way of counterclaim. And there is nothing in the other provisions that are applicable to the actions for divorce or separation which as I can see bear at all upon the question.

In the case of Zorn v. Zorn, 38 Hun, 67, the General Term of the Supreme Court in the Fifth Department held that these two causes of action could not be joined, but it seems to be conceded that there is no statutory provision which interferes with it, and the only ground stated is that the charge of adultery and cruel usage are not only distinct and unconnected charges, but they lead to separate and distinct issues, the mode of procedure is different, and it leads to confusion to connect them in the same cause of action. The learned judge there relied on the case of Johnson v. Johnson, 6 Johns. Ch. 163 where the chancellor held that the charges were inconsistent in respect to the mode of procedure, and that it leads to confusion to connect them together in the same bill. The decision seems to be based upon the anxiety of the court to prevent confusion and to preserve some analogy to the simplicity of declarations at common law. All of this has been entirely overthrown by our modern system of pleading. In Doe v. Roe, 23 Hun, 19, decided by the General Term in the Third Department, the presiding justice in delivering the opinion of the court mentioned the case of Smith v. Smith, 4 Paige, 92, and the other cases

which had held that an action for divorce on the ground of adultery could not be united with an action for a separation on the ground of cruel treatment, and said: This is not the law of the English courts. (Hughes v. Hughes, Law Rep. 1 Prob. & Div. 219.) Whether it should now be the law here we need not decide. The reasons given by the chancellor are not applicable at this day.

The rule as thus established was one solely of convenience. It is not based upon any principle or any provision of the Code of Civil Procedure, as it is quite clear that these two causes of action are not inconsistent within section 484 of the Code of Civil Procedure. They are both matrimonial actions, and, while it is true that they are based upon separate facts, the cause for each cause of action may both exist at the same time. The mode of trial is the same, except that an issue of adultery must be tried if either party demand it by a jury; but if a jury trial is demanded the single issue is sent to be tried by a jury, and, the facts alleged in relation to the charge of adultery determined, the case must go back to the Special Term for judgment. Under our present system of pleading and trial it is not apparent how allowing a plaintiff to unite in one action these two causes of action can result in confusion or any real embarrassment. That it was the intention of the Legislature that all the controversies between the parties to a matrimonial action should be settled in one action is apparent from the amendment by chapter 703, p. 939, of the Laws of 1881 to section 1770 of the Code of Civil Procedure, so that the court could have before it evidence of the entire relations between the parties that would enable it to make such judgment as justice required. In Zorn v. Zorn, supra, the attention of the court was not called to the change introduced in the practice by section 1770 of the Code of Civil Procedure, as that section is not mentioned in the opinion. And while I should not follow an adjudication of the learned court that decided Zorn v. Zorn, supra, with great reluctance upon any question of substantive law, I think upon a question of this kind which merely followed decisions of the old court of chancery which were based upon rules of pleading that were then in force but which have been entirely abrogated, it should not be followed. To follow this decision under the practice that has grown up under section 1770 of the Code of Civil Procedure would seem to me to place the plaintiff in such a matrimonial action at a distinct disadvantage as against the defendant. The plaintiff, though the injured party, should be allowed to have the same advantages that the defendant has. There is no possible advantage in compelling a plaintiff, where the defendant has been guilty of acts which justify the inference of adultery as well as abandonment or cruelty, to bring her action upon one or the other of these charges, so that, if for any reason she is unable to prove the one that she elects to proceed under, she will be forced to begin another action for relief upon the other ground. The cases are both tried before the court without a jury, except in relation to the charge of adultery, and, as before stated, if either party desires a jury trial as to that charge, the issues can be framed and that charge tried distinct from the others, and the court then, with all the evidence before it, is in a much better

position to grant the decree to which either party is entitled than where these causes of action are tried separately and in separate actions. I think, therefore, that in view of the modern practice in relation to the trial of actions, and the evident intent of the Legislature in amending section 1770 of the Code of Civil Procedure, the reason for the rule is now obsolete, and it should be changed.

I think that the judgment appealed from should be reversed.