ALLEN v. ALLEN.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. DIVORCE—SEPARATION FROM BED AND BOARD—GROUNDS.

Under Code Civ. Proc. § 1762, authorizing an action by husband and wife for separation from bed and board on the ground of cruel and inhuman treatment and conduct on the part of defendant towards plaintiff as will render it unsafe and improper for plaintiff to cohabit with defendant, a wife cannot maintain an action for separation from bed and board on the ground of the husband's adultery.

2. PLEADING—JUDGMENT ON PLEADINGS.

Where plaintiff, if defendant had not answered, could not have obtained a judgment, plaintiff could obtain no judgment on the answer of defendant being stricken out.

3. DIVORCE—SEPARATION FROM BED AND BOARD—ACTIONS—DEFENSES.

In an action for separation from bed and board, an answer denying knowledge or information sufficient to form a belief as to the allegation of marriage of the parties, and averring that defendant has no knowledge of any marriage ceremony, except that plaintiff has claimed that at one time plaintiff and defendant were married, and alleging that, if such marriage was ever entered into, the same was entered into at a time when defendant was either drugged or so far under the influence of liquor as to be unable to understand the contracting of marital relations, and he has no knowledge thereof, and that plaintiff and defendant have never cohabited as man and wife, is not frivolous, though as a general rule the fact of a person's marriage is one peculiarly within his own knowledge, so that he cannot be heard to deny knowledge or information on the subject.

4. SAME.

Where, in an action for separation from bed and board, the complaint in one paragraph alleged acts of adultery by defendant on designated dates within five years before the commencement of the action, and in another paragraph alleged that prior to such dates defendant committed adultery, an answer denying plaintiff's allegation that five years have not elapsed since plaintiff discovered the misconduct, and affirmatively alleging that plaintiff did discover the fact of such misconduct more than five years before the commencement of the action, was not frivolous, since on the trial plaintiff might rely on acts committed more than five years prior to the commencement of the action.

Appeal from Special Term.

Action by Harriett E. Allen against John P. Allen. From so much of an order as grants a motion to strike out the answer as frivolous, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Solon J. Liebeskind, for appellant.

SCOTT, J. The defendant appeals from an order striking out his answer as frivolous. The complaint sets out an action for divorce on the ground of adultery, but the relief demanded is a separation from bed and board. It is apparent that the complaint does not state a cause of action for a separation under section 1762 of the Code of Civil Procedure, for the mere allegation that the defendant has been guilty of adultery has never been held to amount to an allegation of

cruel and inhuman treatment of plaintiff by defendant, or of such conduct on the part of the defendant towards the plaintiff as may render it unsafe and improper for the former to cohabit with the latter. If the defendant had not answered, the plaintiff would have been limited to the relief demanded in her complaint (Code Civ. Proc. § 1207), and, as that could not follow upon the allegation of the complaint, she could have obtained no judgment, and the same result must follow if the answer remain stricken out. The defendant, however, insists upon his right to answer, and his appeal raises the question of sufficiency of the answer which he interposed. The first paragraph of the complaint alleges the marriage of the parties on or about January 12, 1891. The answer denies knowledge or information sufficient to form a belief as to this allegation. The court below considered that, since the fact of a person's marriage is one peculiarly within his own knowledge, he cannot be heard to deny knowledge or information on the subject. Usually this is undoubtedly true, and yet it is conceivable that the circumstances attending an alleged marriage may have been such that a person alleged to have been married may honestly be unable to say whether he was married or not. Such a case the defendant undertakes to set forth in an affidavit read in opposition to plaintiff's motion. He avers that he has no knowledge of any marriage ceremony ever having been entered into between the plaintiff and the defendant, except that the plaintiff has claimed that at one time the plaintiff and defendant were married, and he further avers that, if such marriage was ever entered into, the same was entered into at a time when the defendant was either drugged or was so far under the influence of liquor as to be unable to understand the contracting of such marital relations, and he has no knowledge thereof. He also avers that plaintiff and defendant have never cohabited as man and wife. We think that, under this state of facts, the defendant was justified in pleading lack of knowledge or information sufficient to form a belief as to his marriage, and that his answer in that regard was not, under the circumstances, frivolous. The answer also denies plaintiff's allegation that five years have not elapsed since the plaintiff discovered the fact of the alleged adultery as averred in the complaint, and affirmatively alleges that plaintiff did discover the fact of said alleged adultery more than five years before the commencement of the action. The complaint in its third paragraph alleges acts of adultery by defendant on the 16th and 24th days of September, 1903, and obviously the fact of the commission of these acts could not have been discovered more than five years before the commencement of the action, since they are alleged to have occurred within five years before the action was commenced. The fourth paragraph, however, alleges that prior to and subsequent to the dates mentioned in paragraph "third" the defendant also committed adultery. The acts alleged in this paragraph are not limited as to time, and it may well be that upon the trial the plaintiff might rely upon acts committed more than five years prior to the commencement of the action, and as to such acts the defense now under consideration would be far from frivolous.

It follows that the order appealed from must be reversed, with
$10 costs and disbursements, and the motion to strike out denied, with
$10 costs.

INGRAHAM, LAUGHLIN, and CLARKE, JJ., concur.

McLAUGHLIN, J. (concurring).  I concur in the opinion of Mr.
Justice SCOTT, but not upon all of the grounds therein stated.   I
am of the opinion that the complaint, as such, states a cause of ac-
tion; that is, that under the allegations there set forth proof would
be admissible to establish that the defendant's conduct constituted
cruel and inhuman treatment of such a character as to render it un-
safe and improper for the plaintiff to longer cohabit with him.   I can-
not conceive of any more cruel and inhuman treatment to a highly
sensitive, educated, and moral woman than open and notorious acts
of adultery on the part of the husband.   What act could be more
humiliating or likely to affect the health of such a person than that
the husband should insist upon keeping his mistress in the home, or
that he should frequently be seen in public with her?   Such acts to
many women would be more cruel and do more to impair their health
than threats or physical injury.   For this reason it seems to me the
complaint states a cause of action for a separation under section 1762
of the Code of Civil Procedure.

The complaint alleges that the parties were married on or about
January 12, 1891.   The answer denies knowledge or information suffi-
cient to form a belief as to this allegation.   This is not a good answer
in my judgment.   I cannot conceive of a case where a party could
have been married, and not have knowledge of that fact sufficient to
form a belief.   If, when the alleged marriage took place, the party
did not know what he was doing—in other words, was in such a con-
dition of mind that he did not know he was entering into a contract—
then a legal marriage never took place, and in his answer he could
deny the fact of the marriage.   A marriage is a contract and nothing
else, which presupposes the meeting of two minds on the subject-
matter of it.   If the defendant, when the ceremony was performed,
"was either drugged or was so far under the influence of liquor as
to be unable to understand the contracting of such marital relation,"
then in law the proceeding amounted to nothing, because the meeting
of minds presupposes sufficient intelligence to determine whether the
contract shall be made.   Unless there be present this degree of intel-
ligence at the time the marital relation is entered into, then there is
no contract.   The answer, in so far as it denies the allegation of the
complaint that five years have not elapsed since the plaintiff discov-
ered the fact of the alleged adultery, and affirmatively alleges that
more than five years have elapsed since such fact was discovered, is
good.   If these facts be established at the trial, they will constitute a
defense to the plaintiff's cause of action.

Upon this ground alone, therefore, I concur in the reversal of the
order appealed from.