## KINSEY v. KINSEY.

(Supreme Court, Special Term, Westchester County.   July 21, 1910.)

1. DIVORCE (§ 27*)—GROUNDS FOR SEPARATION—"CRUEL AND INHUMAN TREAT-
MENT."

> While it is not necessary, to establish "cruel and inhuman treatment" in a suit for separation and support, to prove actual physical violence inflicted by the husband on the wife, but it is sufficient to prove a course of ill treatment by the husband, by words of abuse or otherwise, having a natural effect of keeping her in a state of mental agony, viz., acts which indicate a studied and persistent attempt by the husband to render her life intolerable, mere incompatibility of temperament, or capricious or arbitrary conduct, is insufficient.

> [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 62, 64; Dec. Dig. § 27.*

> For other definitions, see Words and Phrases, vol. 2, pp. 1768–1777; vol. 8, p. 7624.]

2. DIVORCE (§ 130*)—GROUNDS FOR SEPARATION—CRUEL AND INHUMAN TREAT-
MENT—EVIDENCE.

> In an action for separation and support for cruel and inhuman treatment, evidence *held* insufficient to sustain such charge as against either party.

> [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 442, 444; Dec. Dig. § 130.*]

Action by Alice T. Kinsey against William S. Kinsey for separation, in which defendant filed a counterclaim for similar relief.   Complaint and counterclaim dismissed.

Leslie J. Tompkins, for plaintiff.

Joseph H. Beall (Henry Willis Smith, of counsel), for defendant.

MILLS, J.   This is an action by the plaintiff, a wife, against the defendant, her husband, for a separation and support by way of alimony.   The parties were married in this state January 20, 1909; the defendant being a widower 54 years of age, and the plaintiff 34 years of age and previously unmarried.   They lived for some two months. in the city of New York, and then moved to the neighborhood of Bronxville, in this county, into a house which had belonged to defendant's deceased wife, and of which he was tenant by the curtesy, and lived there together until the 20th of June following, when she left him, threatening a final separation, and remained away about a week, and then returned and continued to live with him there until August 11th following, when she left him again and has remained away from him since.   This action was brought soon after such latter separation.

As ground for a decree of separation, the complaint charges cruel and inhuman treatment of plaintiff by defendant, and for specifications thereof alleges his conduct upon three occasions, viz., July 24th and 31st and August 10th—especially that upon each of the latter two occasions the defendant actually struck her.   These specific allegations. in respect to the conduct of the defendant upon either of those occasions, so far as to be in any degree cruel or inhuman, are sustained only by the plaintiff's own testimony.   There is not in the evidence the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

least substantial corroboration of her version, and her testimony as to such conduct is met in his testimony by a specific denial on his part. As to the occasion on the evening of July 31st, the first incident of the alleged striking, defendant's daughter, who appeared to me to be a very candid and credible witness, testified in substantial confirmation of the defendant's version of the matter. Her narrative, which appeared to me trustworthy, was to the effect that the defendant did not strike the plaintiff, but that, on the contrary, the plaintiff attempted to strike the defendant.

It is no doubt well settled that, to establish a case of "cruel and inhuman treatment," it is not necessary to prove actual physical violence inflicted by the husband on the wife, such as by striking, but that it is enough to prove a course on his part of ill treatment of her, by words of abuse or otherwise, which had the natural effect to keep her in a state of mental agony—that is "acts which indicated a studied and persistent attempt by the husband to render her life intolerable." Atherton v. Atherton, 82 Hun, 179, 31 N. Y. Supp. 977; Id., 155 N. Y. 129, 49 N. E. 933, 40 L. R. A. 291, 63 Am. St. Rep. 650; Weaver v. Weaver, 74 App. Div. 591, 594, 77 N. Y. Supp. 568; Id., 178 N. Y. 621, 70 N. E. 1111. But mere incompatibility of temperament, capricious or arbitrary conduct, and certainly mere difference of views as to domestic economy, for the conduct of daily life in respect to attendance upon places of entertainment, do not constitute legal grounds for a separation, although doubtless they all or any may lead to overt acts which may constitute such grounds.

It does not appear to the court that the conduct of the defendant towards the plaintiff was such as to establish cruel and inhuman treatment, aside from the use of physical violence. Doubtless there has been much, or at least considerable, bickering between them since soon after their marriage. He failed to take her to entertainments, such as theaters, operas, and balls, as much as she wished and as she had anticipated. She complained to him bitterly and strongly as to his neglect, as she evidently regarded it, in that respect. It is plain that such conduct on his part was largely due to his sense of the necessities of his financial situation. His entire capital was invested in his business in New York City, and the business was not then prosperous. His income from it was then only about $2,500 a year, and out of that the interest upon the $5,000 mortgage on the homestead and the taxes and other maintenance charges thereon had to be paid; and the surplus had to be made to support the family, consisting of the wife, the husband, and his two children of advanced school age. It is plain to any one of any common sense that all this required the practice of a strict economy, which would leave little to be spent upon mere entertainments of the nature specified. This wife, however, took keen offense at such conduct on her husband's part, and declared to him her purpose to seek such entertainments by herself without his company. She proceeded to make good such declaration, and for a considerable period before the final separation was in the habit of going out by herself at night, remaining away on several occasions all night, without giving her husband any information of her whereabouts, and several times went alone evenings to a neighboring public house and

remained there until midnight or later. Of that course of conduct the husband not unnaturally complained to her; and the quarrels of the pair seem to have arisen largely from such conduct on her part and such complaints upon his. It does not seem to the court that such action on his part can be deemed to have been cruel or inhuman treatment.

Upon one of the two occasions chiefly complained of, viz., the evening of July 31st, the defendant was sick, and had been sick and under the doctor's care for some time. He might quite excusably have thought that his condition warranted him in believing that his wife should have remained with him to care for him, and not have left him to attend a dance at the public house above mentioned. Nor can his complaint to her about her friends, whom she was supposed to meet at that house, be considered as entirely unreasonable. The straw-drawing incident, whether plaintiff's version or that of the defendant be accepted, and the drinking by the women in the barroom, do not indicate much refinement of taste on the part of those people, at least not according to the standards of the good, ordinary folk life of this county; and none of such people were called as witnesses in the plaintiff's behalf.

Upon the whole, therefore, I hold and decide that the plaintiff has failed to establish a case.

It remains to dispose of the defendant's counterclaim. While, as above indicated, I think that the proof shows clearly that the conduct of the wife has been at least inconsiderate, and that she has twice left her husband's home with threat of final separation without adequate cause, it does not seem that sufficient grounds have been established to require the court to award to the defendant a separation from his wife. The court is perhaps especially careful to require ample proof in support of a husband's claim in this regard. If this wife shall return to her husband's home and offer to live there in amity, it would seem that it is still the duty of the husband to receive and support her there as his means may permit. They are both of sufficient age to view life seriously, and to appreciate its responsibilities and the reciprocal obligations of the matrimonial relation which they have so recently assumed.

The decision, therefore, is in favor of the defendant upon the merits, but not sustaining the counterclaim.