THEKLA F. HOFMANN, Respondent, *v.* LOUIS B. F. HOFMANN, Appellant.

First Department, March 4, 1921.

**Husband and wife — separation — complaint — allegation of adultery by husband insufficient as allegation of cruel and inhuman treatment — causes of action for divorce and separation cannot be united — adultery accompanied by other acts and conduct may constitute cruel and inhuman treatment.**

A complaint which alleges a cause of action for a divorce on the ground of adultery but demands judgment for a separation cannot be sutained, for the mere allegation that the defendant has been guilty of adultery does not amount to an allegation of cruel and inhuman treatment of plaintiff by defendant or of such conduct on the part of the defendant toward the plaintiff as may render it unsafe and improper for the former to cohabit with the latter.

Hence, a complaint, which alleges in substance that the defendant after obtaining a foreign decree of divorce from the plaintiff which is null and void in this State remarried and returned to this State and lives in an adjoining county but within the same city and has informed people of the foreign decree and of the remarriage and has invited his children to " meet and affiliate with the said woman," fails to state facts sufficient to constitute a cause of action for a separation, although sufficient to constitute a cause of action for a divorce.

Such a complaint cannot be treated as stating two causes of action, one for a divorce and the other for a separation, for they cannot be united in the same complaint.

*It seems*, that the outrageous and indecent conduct of the defendant in association with acts of adultery, as where the paramour is brought into the home, or where the husband boasts of his illicit relations to his wife, and especially if such boastings are in the presence of his children, may be sufficient to sustain an action for separation.

MERRELL, J., dissents, with opinion.

APPEAL by the defendant, Louis B. F. Hofmann, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of July, 1920, granting plaintiff's motion for judgment on the pleadings, consisting of the complaint and demurrer thereto, and overruling the demurrer to the complaint.

*Joseph A. Seidman*, for the appellant.

*Franklin Taylor* of counsel [*Joseph J. Zeiger* with him on the brief], for the respondent.

PAGE, J.:

The judgment demanded is a permanent separation. The facts alleged in the complaint, which are therein stated to have caused the plaintiff acute mental suffering and distress and to constitute the grounds of cruelty and inhuman treatment and improper conduct, relate entirely to the defendant's having obtained a decree of divorce from the plaintiff in the State of Pennsylvania, and caused the same to be served upon her, and thereafter contracted and entered into a marriage with another woman, with whom the defendant resided in the borough of The Bronx. It is alleged that the defendant has caused divers persons, including the children of the marriage between plaintiff and defendant, to be informed of the divorce and marriage and has represented to said children that they should meet and affiliate with the woman with whom he was living. It is alleged that the defendant did not secure a *bona fide* residence in Pennsylvania, and that process was not personally served on the plaintiff and that she did not appear in the action, by reason whereof the decree

was null and void; and that the defendant is living in adulterous intercourse with said woman.

The complaint states facts sufficient to constitute a cause of action for a divorce upon the ground of the defendant's adultery. (*Kaiser* v. *Kaiser*, 192 App. Div. 400.) It also states facts not necessary to such a cause of action, upon which is predicated a demand for a judgment of separation. We cannot treat this complaint as stating two causes of action, one for divorce and the other for a separation. These causes of action cannot be united in the same complaint. (*Zorn* v. *Zorn*, 38 Hun, 67; *Conrad* v. *Conrad*, 124 App. Div. 780.) In the case of *Johnson* v. *Johnson* (6 Johns. Ch. 163) the bill contained charges of adultery and of cruel and inhuman treatment. The question was submitted whether the charges could be united in the same bill and if they could not, whether the plaintiff might elect which charge to retain. Chancellor KENT held that as they were distinct and independent charges leading to distinct issues and decrees they could not be joined in the same bill. The reasons given by the chancellor, translated into the terms of our present practice, as there has been a change in form and terminology rather than of substance, are as follows: An answer to a charge of adultery may be unverified, but if the complaint is verified the answer to the charge of cruel usage must be verified. If the charge of adultery be denied, the court must, on the application of either party, or may of its own motion, direct a trial of that issue by a jury, but the issue as to cruel usage is to be tried by the court. If the adultery be confessed or if the defendant defaults in answer or upon the trial, still the evidence to support the charge must be taken, while if the defendant confesses the other charge or makes default, the admission is conclusive and judgment follows as of course. The judgments in the two cases are essentially different. In the one it is an absolute divorce, with a disability to the defendant to marry again; in the other the divorce is only *a mensa et thoro*, and may be for life or for a limited time, in the discretion of the court. " The two charges are thus inconsistent with each other, in respect to the mode of proceeding, and the remedy; and it leads to confusion, to connect them together in the same bill. The charge of adultery overpowers and

destroys the force and effect of the other charge, for the one remedy merges in the other."

A complaint which alleges a cause of action for a divorce on the ground of adultery, but demands judgment for a separation from bed and board, cannot be sustained. "For the mere allegation that the defendant has been guilty of adultery has never been held to amount to an allegation of cruel and inhuman treatment of plaintiff by defendant, or of such conduct on the part of the defendant towards the plaintiff as may render it unsafe and improper for the former to cohabit with the latter." (*Allen* v. *Allen*, 125 App. Div. 838.) Therefore, although this complaint states facts sufficient to constitute a cause of action for a divorce, it cannot be sustained as stating a cause of action for a separation unless facts are stated which would constitute such a cause of action. While the rule that to constitute cruel and inhuman treatment, physical mistreatment and bodily harm, or the reasonable fear thereof from violence are requisite, has been so extended that outrageous and inhuman treatment of the plaintiff by the defendant, which causes pain and mental suffering is sufficient, still the rule is based on the theory of bodily harm, the courts recognizing that to compel a wife to submit continually to such mistreatment would tend to affect the health as surely as would personal violence.

There are cases where the outrageous and indecent conduct of the defendant in association with acts of adultery has been held sufficient to sustain an action for a separation, as for instance where the husband brings his paramour into the home, or where he boasts to his wife of having committed acts of adultery, and especially if such boastings are in the presence of the children or others, and still insists on cohabiting with her. In the case under consideration, there is no allegation that the defendant has communicated directly or indirectly the fact of his remarriage or sought to impose upon the plaintiff an association with the woman with whom he was living, or that he has insisted on cohabiting with her or even returned to her. The allegations of the complaint are solely that the defendant obtained a decree of divorce from plaintiff, which must be presumed to have been valid according to the laws of the State where granted, and subsequently married.

As there is no allegation that the marriage took place in this State, it probably would be recognized as valid everywhere except in this State, where, for reasons of public policy, we have refused to recognize decrees of divorce entered in actions against citizens of this State unless jurisdiction was obtained by personal service of process upon the defendant within the foreign State or an authorized appearance for the defendant was entered in the action. The complaint further alleges that after obtaining such decree he returned to this State and lives in an adjoining county, but within the same city, and has informed people that he had obtained a divorce and had thereafter married the woman with whom he was living, and that he had invited his children to " meet and affiliate with the said woman." It is not alleged that he had tried to entice the children away from the plaintiff, or persuade them to live with him. The gravamen of the complaint is the adultery of the defendant; the other allegations are incidental thereto and a not unusual result of the varying divorce laws in our different States. In my opinion, the complaint fails to state facts sufficient to constitute a cause of action for a separation. The plaintiff must bring her action for the relief given her by statute. (See Code Civ. Proc. § 1762 *et seq.*)

The order should be reversed and the motion denied. As the defendant did not move for judgment, we cannot dispose of the issue of law.

CLARKE, P. J., LAUGHLIN and SMITH, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting):

Defendant has appealed from an order overruling his demurrer to plaintiff's complaint and granting plaintiff's motion for judgment on the pleadings.

The parties are husband and wife, and the action is by the wife to procure a judgment separating the parties from bed and board forever by reason of the cruel and inhuman treatment of the plaintiff by the defendant and by reason of such conduct on the part of the defendant toward the plaintiff as renders it unsafe and improper for the defendant to cohabit with the plaintiff. The complaint alleges the marriage of the parties in the State of New York, where they then resided,

and both still reside; that the issue of such marriage were a son and a daughter, aged twenty-seven and twenty-six years, respectively. The complaint then alleges that the defendant has treated the plaintiff in a cruel and inhuman manner and has been guilty of conduct making it unsafe and improper for her to live and cohabit with him. Specifically, as ground for the relief which she seeks herein, plaintiff alleges that the defendant, without the knowledge or consent of the plaintiff, and without the personal service of the summons upon her, obtained a decree of divorce in the State of Pennsylvania; that the court granting such decree obtained no jurisdiction of the plaintiff, and that said pretended action was wholly null and void; that plaintiff's first knowledge or information of said pretended decree of divorce was by the defendant causing her to receive by mail in the city of New York a certified copy thereof, on or about November 12, 1919; that the defendant, without being divorced from plaintiff, has contracted and entered into another marriage with a woman other than plaintiff, and is living in adulterous intercourse with said woman in the city of New York, and that the defendant has caused divers persons, including the children of the parties, to be informed of the pretended decree of divorce, and of the pretended marriage of the defendant to the aforesaid woman and of his living with her, and that the defendant has represented to the children of the parties that they should meet and affiliate with the said woman with whom the defendant is living. The complaint then states: " That the aforesaid acts of the defendant have caused the plaintiff acute mental suffering and distress and constitute the grounds of cruelty and inhuman treatment and improper conduct above alleged." But one cause of action is alleged in the complaint, and but one relief demanded, viz., that the plaintiff may forever be separated from the bed and board of the defendant.

The appellant contends that the facts in the complaint would not sustain a finding that the defendant is guilty of cruel and inhuman treatment, or of such conduct as renders it unsafe and improper for plaintiff to live with him. While the complaint does not specifically allege that the acts complained of have caused the plaintiff any ill health or bodily

suffering, nevertheless, the facts stated in the complaint show a course of conduct on the part of the defendant which would not only affect the health of a normal woman, but are such as to render it highly improper, if not impossible, for the defendant longer to cohabit with the plaintiff.

The defendant, appellant, relies upon the cases of *Zorn* v. *Zorn* (38 Hun, 67) and *Allen* v. *Allen* (125 App. Div. 838) in support of his contention that the complaint does not set forth a good cause of action for separation. In *Zorn* v. *Zorn* the ground of the demurrer was a misjoinder of causes of action and the court decided that a cause of action for divorce could not be joined with a cause of action for a separation. In *Allen* v. *Allen* the complaint set forth two separate causes of action, one for divorce on the ground of adultery, and the second for a separation on the ground of cruelty. An answer was interposed and a motion was made to strike out such answer as frivolous. Upon plaintiff's motion, at Special Term, the defendant's answer was stricken out. An appeal was taken and it was held that the answer was not frivolous. Two opinions were written in the Appellate Division. The prevailing opinion was written by Mr. Justice Scott, and the dissenting opinion by Mr. Justice McLaughlin. In both these opinions the sufficiency of the complaint was considered, although the complaint was in nowise before the court. A majority of the court held that a cause of action for a divorce and a cause of action for a separation could not be joined in one complaint. Mr. Justice McLaughlin, dissenting therefrom, was of the opinion that the two causes of action were not inconsistent, and that under the allegations contained in the complaint, proof would be admissible to establish that the defendant's conduct constituted " cruel and inhuman treatment of such a character as to render it unsafe and improper for the plaintiff to longer cohabit with him." The learned justice then said: " I cannot conceive of any more cruel and inhuman treatment to a highly sensitive, educated and moral woman than open and notorious acts of adultery on the part of the husband. What act could be more humiliating or likely to affect the health of such a person than that the husband should insist upon keeping his mistress in the home, or that he should frequently be seen in public

with her? Such acts to many women would be more cruel and do more to impair their health than threats or physical injury."

The complaint before us does not state two separate causes of action, nor does it ask for an absolute divorce. Therefore, the rule laid down in *Zorn* v. *Zorn* is not controlling here, but this complaint would seem to fall directly within the language used by Mr. Justice McLAUGHLIN in his dissenting opinion in *Allen* v. *Allen* (*supra*). Neither of the above cases is authority for holding that acts of adultery cannot be set forth in a complaint in an action for a separation, together with other facts which are claimed by the plaintiff to constitute cruelty, or such conduct on the part of the defendant as renders it unsafe and improper for the defendant to cohabit with the plaintiff. Nor do I know of any good reason for holding that an allegation of adultery is inconsistent with an allegation of cruelty. A brief review of the law respecting divorce and separation may be helpful in determining the question here involved.

Prior to the enactment of chapter 69 of the laws of the State of New York passed in 1787, conferring jurisdiction upon the courts of this State to grant a judicial decree of divorce on the ground of adultery, it had been, for centuries, the common law of England, adopted by our colonies, that acts of adultery and cruelty were the only causes for granting a divorce *a mensa et thoro*. In England this limited decree of divorce was commonly spoken of as a " divorce," although it is now known in our jurisprudence as a separation. Up to 1787 there was no judicial tribunal in the Colony or the State of New York which had any jurisdiction to grant a decree, either of separation or divorce, although by the common law, up to that time, adultery was the main ground for a separation. In England the ecclesiastical courts had exclusive jurisdiction to grant a judicial decree of divorce and such decree was limited by such courts to a judgment *a mensa et thoro*. For many years eminent authorities had contended that the course pursued in England by the ecclesiastical courts was highly improper in that countless women were turned loose upon society without husbands, and without the right to remarry, thereby indirectly bringing about the birth of illegitimate

children, where otherwise parties could remarry and thus maintain a proper social status. Our Legislature, by act passed March 30, 1787, first gave to the courts jurisdiction to grant a decree of absolute divorce through " An Act directing a mode of trial, and allowing of divorces in cases of adultery." The statute then enacted established a procedure in case of the commission of adultery by an inhabitant of this State, whereby in case such adultery was established, the chancellor was empowered " by sentence or decree " to pronounce a marriage dissolved, and both parties thereto freed from the obligations of the same, preserving the legitimacy of the children of such union, and providing for the care and mainte- nance of the children (if any) of said marriage, and also for the maintenance of the wife or for an allowance to her and for the security to be given therefor. The act further prohibited the subsequent marriage of a party convicted of adultery, but permitted the other party to remarry, as though the adulterer were actually dead. Later, by the Revised Laws of 1813 and by the Revised Statutes of 1830, our laws respecting a judicial divorce were amended and our courts were given jurisdiction to grant a separation for cruelty and such other causes as are now embraced within section 1762 of the Code of Civil Procedure. (See R. L. of 1813, chap. 102, § 10 et seq.; 2 R. L. 200, § 10 et seq.; R. S. pt. 2, chap. 8, tit. 1, § 50 et seq.; 2 R. S. 146, § 50 et seq.)

It will thus be seen that from time immemorial adultery has been considered the greatest offense against the marriage relation (1 Bishop Marr., Div. & Sep. § 1495), and such offense has been the main and practically the only ground for granting a decree of divorce or separation. Such being the case, I can see no inconsistency nor impropriety in pleading such an act along with other facts which are claimed to constitute cruel and inhuman treatment, or such treatment or course of conduct on the part of the defendant as renders a continuance of the marital relation intolerable. Moreover, section 1762 of the Code of Civil Procedure has been most liberally inter- preted by the courts. It has been held that bringing loose women into the home is an act of cruelty, that accusations on the part of either party to the marriage that the other is guilty of adultery, especially when made in public, render a

continuance of the marital relation impossible and warrant the court granting a decree of separation. (*Tower* v. *Tower*, 134 App. Div. 670; *Kinsey* v. *Kinsey*, 124 N. Y. Supp. 30.) It was formerly the law that either violence or threats of physical injury must be alleged. The rule has now, however, been extended to include such conduct as would reasonably be expected to cause such mental agony as would affect the health. As is said in Bishop on Marriage, Divorce and Separation (Vol. 1, § 1551), quoting from a case there cited: " We are possessed of social, moral and intellectual natures, with wants to be supplied, with susceptibilities of pain and pleasure; if they can be wounded and healed, as well as the physical part, with accompanying suffering and delight,— then we think that conduct which produces perpetual social sorrow, although physical food be not withheld, may well be classed as cruel, and entitle the sufferer to relief."

And, further (in § 1559) the learned author says: " As already seen, it was an old idea that mental suffering had nothing to do with bodily ills; at least, that it did not so directly create them as to render the infliction of it cruelty. * * *

" § 1563. Under more enlightened psysiological views, the legal doctrine has become settled, it is believed everywhere, that conduct which produces pain of mind is legal cruelty; so that whenever, operating either alone or in combination with something else, it creates a danger to the physical health, a divorce for it or the combination will be justifiable."

There are many cases in which the rule above stated has been applied. (*Lutz* v. *Lutz*, 9 N. Y. Supp. 858; *Atherton* v. *Atherton*, 82 Hun, 179; affd., 155 N. Y. 129; *Bihin* v. *Bihin*, 17 Abb. Pr. 19; *Straus* v. *Straus*, 67 Hun, 492; *Waltermire* v. *Waltermire*, 110 N. Y. 183.) Such being the rule, it seems inconsistent that threats and accusations of infidelity should be held to constitute a good cause for a separation, while open and continuous acts of adultery may not properly be alleged with other facts in a complaint in an action for like relief. In the complaint in the case at bar it is alleged that the defendant caused plaintiff to be served with a certified copy of a spurious decree of divorce; that said defendant is living in open adultery; is representing to the public that he

has divorced the plaintiff, when he has not; and has endeavored to induce the children of the marriage to affiliate with the woman with whom he is now living. It is difficult to see how any act on the part of the defendant could be more cruel than those mentioned. Certainly, such acts, if true, and, on demurrer, we must assume them to be true, render it impossible for the defendant to live or cohabit with the plaintiff. It has been held in several cases that where the husband is accustomed to consort with lewd women, such fact constitutes such improper conduct as to warrant the wife leaving him, and makes the continuance of the marital relation intolerable. (*Bennett* v. *Smith*, 21 Barb. 439.) In that case the learned justice who wrote the opinion says, in referring to the conduct of the husband respecting the charge of illicit intercourse: " Her husband, if what was offered to be proved in regard to his habits and conduct was true, was entirely unworthy of, and unfit for, the society of a virtuous woman." In *Sykes* v. *Halstead* (1 Sand. 483) the chief judge said: " The defendant in this case had given just cause to his wife for a separation. He had been guilty of adultery of a gross character."

In the case of *Horwood* v. *Heffer* (3 Taunt. 421) it was held that although the acts of the husband created no apprehension for the personal safety of the wife, still the husband had treated her " with great cruelty " for the reason that he had brought a profligate woman into the house. The case of *Horwood* v. *Heffer* is quoted with approval by Chief Justice BRONSON in *Blowers* v. *Sturtevant* (4 Den. 46).

Moreover, the Code of Civil Procedure (§ 1770) now permits such acts of adultery to be set up as a counterclaim in either form of action, and adultery is also a defense to an action for a separation. (Code Civ. Proc. § 1765; *Hawkins* v. *Hawkins*, 193 N. Y. 409.) It, therefore, seems illogical that a charge of adultery cannot be alleged in a complaint for a separation, along with other facts and items of misconduct, in order to show cruelty or such conduct as renders a continuance of the marital relation improper. The true rule, it seems to me, is as above indicated, that the plaintiff may set up all of various acts of defendant's misconduct that the court may determine from all of the surrounding facts and circumstances whether the conduct of the defendant constitutes cruelty, or

is, at least, so offensive and improper as to practically destroy the marital relation. As was said by Mr. Justice BETTS in *Murdock* v. *Murdock* (148 App. Div. 564) in his opinion (at p. 569): " 'It may be laid down as a general rule in such actions that a picture of the previous married life of the parties is essential to an intelligent and fair conclusion as to the effect which ought to be given to proof of a particular act of cruelty on the part of the husband.' So I think in this case everything pertaining to the married life of the parties was essential to be brought out so that the court might be put in possession of the fullest information in order to frame the decree which ultimately would be granted."

As this question comes to this court on a demurrer to the complaint, I do not think that the court can hold as a matter of law that the complaint does not set forth a good cause of action. It is to be assumed that the plaintiff is a normal person, ordinarily sensitive, and of good character, and that the acts on the part of the husband, as alleged in the complaint, have caused her great mental suffering and anguish, as she has alleged. It is clear that, if the acts complained of are true, it is no longer possible for the plaintiff to cohabit with the defendant, nor does it appear that either party is desirous so to do. The defendant is living in open adulterous intercourse with another woman, and is apparently endeavoring to bring the children of the marriage into his present place of abode, and to create a friendship between them and the woman who has taken their mother's place. Such acts, I think, within the cases, can well be said to constitute a good cause of action for a separation. Certainly it cannot be said as a matter of law that they do not.

It is true that this court has held that a cause of action for a divorce on the ground of adultery and a cause of action for a separation on the ground of cruelty cannot be joined in the same complaint in two counts which ask for relief upon both grounds. (*Conrad* v. *Conrad*, 124 App. Div. 780.) But as above shown, it does not necessarily follow that when allegations of adultery are contained in a complaint in an action for a separation, *along with other facts which are claimed to constitute cruelty*, the complaint does not state a good cause of action for a separation.

First Department, March, 1921.                    [Vol. 195.

In the case at bar only one remedy is sought, to wit, a separation, and the plaintiff has simply alleged the fact that the defendant is living in open adultery as one of the facts which, on her theory, constitutes cruelty or such conduct as renders it unsafe and improper for her to cohabit longer with the defendant. I find nothing in the Code of Civil Procedure or in any of the adjudicated cases which prevents the plaintiff in an action for a separation from setting forth all of the defendant's acts which are an offense against the marriage, including his adultery.

Aside from the allegations of defendant's infidelity, the complaint states facts amply sufficient to constitute a cause of action for a limited divorce. Coupled with the allegation of defendant's procurance of the spurious Pennsylvania divorce, his causing plaintiff to be served with a certified copy of the bogus decree which he had obtained, his subsequent pretended marriage to and adulterous intercourse with another woman, and his advertisement that he was divorced and had remarried, is the no less important allegation of the complaint that defendant had represented to plaintiff's and his own son and daughter that they should meet and affiliate with the woman with whom he was having illicit relations. It is difficult to conceive of a form of cruelty more fiendish or more apt to bring acute mental anguish to a sensitive mother than to have her husband — the father of their children — seek to establish in their affections another woman in the mother's place. The fact that the son and daughter of the parties have arrived at years of maturity does not lessen, but, rather, increases, the gravity of the offense. At no time is the mother more entitled to the affection and respect of her offspring than when, her long vigil ended, they have come to years of understanding. The husband who seeks to divert from a mother that meed of recompense for long years of unselfish care and devotion is guilty of a cruelty in comparison to which the physical tortures of the rack or the thumbscrew of medieval days were insignificant. Nothing could tend more to destroy the health and happiness of plaintiff or render it more unsafe and improper for the defendant to longer cohabit with her than the conduct of the former as alleged in the complaint, and admitted by the demurrer to be true.

The demurrer was properly overruled, and plaintiff's motion for judgment upon the pleadings was properly granted.

The order appealed from should be affirmed, with ten dollars costs and disbursements to the respondent.

Order reversed and motion denied.